In the Matter of the Claim of WILLIAM G. KNOCKS, Appellant, against METAL PACKING CORPORATION et al., Respondents.

STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — employee injured by a blow struck by his foreman during an altercation between them — when facts sufficient to sustain finding that injury was " accidental " arising out of and in the course of claimant's employment.**

Where claimant, who was employed as an oiler of machinery in a manufacturing plant, was accused by the foreman of supplying too much oil to a machine, thereby causing the machine to operate improperly and claimant answering the accusation called the foreman a liar and the foreman struck him in the face, the blow shattering glasses which claimant was wearing, thereby injuring claimant's left eye so that he lost the sight thereof, it must be held that the claimant did in fact receive an " accidental " injury arising out of and in the course of the employment (Workmen's Compensation Law, ch. 67, § 3), and the award made by the Industrial Commission should be affirmed. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, followed.)

*Matter of Knocks* v. *Metal Package Corp.*, 194 App. Div. 65, reversed.

(Argued March 7, 1921; decided April 19, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1920, reversing an award of the state industrial commission made under the Workmen's Compensation Law and dismissing the claim for compensation.

*Charles D. Newton, Attorney-General (E. C. Aiken of counsel), for State Industrial Commission, appellant.* This is a case which comes within the rule in which the courts have allowed compensation. (*Carbone* v. *Loft,* 219 N. Y. 579; *Heitz* v. *Ruppert Brewing Co.,* 218 N. Y. 148; *Verschleiser* v. *Stern & Sons,* 188 App. Div.

937; 229 N. Y. 192; *McIntyre* v. *Rodger*, 41 Scot. L. R. 107; *Pekin Cooperage Co.* v. *Industrial Com.*, 285 Ill. 31.) That the claimant called his foreman a liar did not make him responsible for the assault or take him out of his employment. (*Jones* v. *Cecil*, 10 Ark. 592.)

*Maurice Bloch* for claimant, appellant. Matters of fact found by the state industrial commission are conclusive, and must be upheld if there is any evidence to support such findings. (*Matter of Powley* v. *Vivian Co., Inc.*, 169 App. Div. 170; *Heitz* v. *Ruppert*, 218 N. Y. 148; *Hartnett* v. *Steen Co.*, 216 N. Y. 101.) There was sufficient evidence to permit the finding by the state industrial commission, as matter of fact, that the injury to claimant arose out of and in the course of his employment. (*Heitz* v. *Ruppert*, 218 N. Y. 148.) A verbal exchange of insulting language between employees, resulting in an injury by reason of an assault, is not ground for refusing compensation. (*Matter of Carbone* v. *Loft*, 219 N. Y. 579; 174 App. Div. 901.)

*Jeremiah F. Connor* for respondents. The injuries did not arise out of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of De Filippis* v. *Falkenberg*, 170 App. Div. 153; 219 N. Y. 581; *Matter of Griffin* v. *Roberson & Son*, 176 App. Div. 6; *Matter of Stillwagon* v. *Callen*, 183 App. Div. 141; 224 N. Y. 714.)

CHASE, J. This is an appeal by an employee from an order of the Appellate Division reversing, by a divided court, a unanimous award for compensation made by the state industrial commission and dismissing his claim under the Workmen's Compensation Law.

From the findings of the commission it appears that the claimant was employed by the Metal Package Corporation, a manufacturer of tin boxes. The claimant was employed as an oiler of machinery at the plant of

his employer.   On June 11, 1919, he " was working for his employer at his employer's plant, and while engaged in the regular course of his employment oiling machinery, a seaming machine was running defectively because a superabundance of oil had been supplied to it, and the foreman of said plant   *   *   *   sent for claimant and escorted him to said machine, and indicated that the machine was not operating properly because too much oil had been supplied, and he told the claimant that he, the claimant, had supplied the oil and was responsible for the machine's defective operation.

" Answering the accusation the claimant called his foreman   *   *   *   ' a liar ' and immediately his foreman struck claimant over the left eye and on the jaw, and then threw him down the stairs.   At the time of this assault claimant was wearing glasses, and the force of the blow delivered by the foreman over claimant's left eye shattered the glasses and pieces of same lacerated claimant's face and left eyelid and the cornea of his left eye, and as a result claimant suffered a total loss of useful vision of the left eye."

The commission also found that the injuries sustained by the claimant were accidental injuries, and arose out of and in the course of his employment. . The decision of the commission is final on all questions of fact. (Workmen's Compensation Law [Cons. Laws, ch. 67], § 20; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.)   The decision of the Appellate Division is to the effect that the findings do not sustain the award.   It, therefore, dismissed the claim for compensation.   The question for our determination is whether upon the findings the claimant did in fact receive an " accidental " injury " arising out of and in the course of employment."   (Workmen's Compensation Law, section 3.)

The claimant's right to the award upon the findings of the commission is directly sustained by the decision of this court in *Matter of Heitz* v. *Ruppert* (*supra*).   In

that case as stated in the opinion therein the claimant was a driver for a corporation engaged in the business of carrying on a brewery. " He brought his horses into the stable, where Guth, a fellow-workman, and he unharnessed the horses and proceeded to wash them off with the hose. Claimant told Guth he was using too much water on the horses, and Guth then intentionally sprinkled some water on claimant. Shortly after, claimant having briefly left the place where the horses were being washed, was returning to his work of cleaning the horses when he met Guth. As they passed claimant touched Guth on the shoulder, saying, ' George, don't do that again.' Guth slapped claimant on the shoulder and as claimant turned around Guth's finger stuck in claimant's left eye, causing injuries by reason of which it was necessary to remove the eye." The court said: " That the injury was accidental within the meaning of the statute seems clear. It was a sudden and unlooked-for misfortune, and the purpose of the act is to insure the workman at the expense of the employer against personal injuries not expected or designed by the workman himself, provided such injuries arise out of and in the course of employment." (p. 151,)

The court further said: ": It was an obligation of claimant's employment to take care of the horses which he drove and to see that they were not injured by injudicious wetting or otherwise by his fellow-workmen; that in the course of their employment — while the two men were at work — a quarrel or argument over the wetting of the horses arose and personal injury grew out of the physical contact resulting from the quarrel, and that, therefore, the accident (a) arose out of and (b) in the course of employment." (p. 153.)

The court further said: " Altercations and blows may, however, arise from the act of a fellow-servant while both are engaged in the employer's work and in relation

[231 N. Y. 78]        Opinion, per CHASE, J.        [April,

to the employment. The employer may be badly or carelessly served by two men engaged in his work, and yet it may be inferred, when one injures the other in a quarrel over the manner of working together in a common employment, that the accident arose out of the employment and was not entirely outside of its scope, if it was connected with the employer's work and in a sense in his interest." (p. 153.)

The injury to the claimant's eye was not designed, intended or expected. It was an unlooked-for and untoward event and an accident within the meaning of the act. The assault by the foreman arose out of and in the course of the claimant's employment as did the assault of Guth that followed the words of his fellow-workman, Heitz, which were undoubtedly accepted by Guth as in the nature of a challenge. In the case now before us the controversy was in the factory during working hours and about the employer's work and the manner of doing it. The assailant was the foreman of the factory and concededly acting as such at least up to the moment of the assault. When he sent for the claimant and escorted him to the machine that was said not to have been operating properly the claimant was and continued to be engaged in the employer's business, and the foreman when he charged the claimant with responsibility for the machine's defective operation was also engaged in what seems to have been his duty as the person in control for the employer of the employees and the work in the factory. If the foreman was mistaken in his accusation against the claimant, the claimant could properly have denied that he was responsible for the machine's defective operation. Each seems while performing his work and in discussing the employer's business, to have been equally hasty in becoming angry toward the other.

The claimant's use of an irritating word in making his denial did not, however, justify either in law or in fact an

assault upon him by the foreman. The foreman's duty as such to exercise reasonable discipline over the employees of the factory made possible a lack of discretion in performing such duty. The assault by the foreman was incidental to his employment as such. It grew out of his performance of his duty as foreman for the employer. It cannot be said as a matter of law or fact that the foreman who up to the moment of the assault was properly engaged in the performance of his duty to his employer at that moment abandoned his duty and indulged in the assault as an individual act.

The employer should be responsible for an excitable and violent foreman in the prosecution of his duties as such, at least until there is sufficient interruption in the performance of such duties as to justify the conclusion that the foreman had abandoned his employment and that the assault was an independent and individual act, as distinguished from acts within the terms of his employment. There was no intervening time between the acts and words of the assailant and the assailed and the injury in this case.

The conclusion here is less subject to a claim that the assault was a personal act than in the *Heitz* case where the assault did not occur until an intervening period of time after the first difference between the fellow-employees. It arose in that case upon the return of Heitz and his statement to Guth in the nature of a challenge. There was no purpose by claimant in this case to bring about an assault nor a willful intention to bring about the injury within the meaning of section 10 of the Workmen's Compensation Law. The award made in this case upon the findings of the industrial commission is also sustained by the conclusion of this court in *Matter of Carbone* v. *Loft* (219 N. Y. 579); *Matter of Markell* v. *Green Felt Shoe Co.* (221 N. Y. 493); *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192); *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470); *Swift & Co.* v. *Industrial*

*Comm.* (287 Ill. 564); *Pekin Cooperage Co.* v. *Industrial Comm.* (285 Ill. 31); *M'Intyre* v. *Rodger & Co.* (41 Scot. L. Rep. 107).

The order of the Appellate Division should be reversed and the award of the industrial commission affirmed, with costs in the Appellate Division and in this court.

McLAUGHLIN, J. (dissenting): I am unable to concur in the opinion of Judge CHASE, because I think the uncontradicted facts and the most favorable inferences that can be drawn therefrom did not justify an award in the claimant's favor. The employer was engaged in the manufacture of tin boxes. The claimant was employed to oil, under the supervision and direction of a foreman by the name of Smith, certain machinery in the factory. Some time preceding claimant's injury, Smith ascertained, while performing the duties assigned to him, that one of the machines oiled by the claimant was not working properly, by reason of a superabundance of oil thereon. He thereupon sent for the claimant, took him to the machine, showed him that it was not working properly, and told him it was due to the fact that he had used too much oil. In response to the information thus given, the claimant told the foreman he was a " liar," and the foreman knocked him down, inflicting the injuries for which the award was made.

The award was made upon the theory that it was an accidental injury to the claimant which arose out of and in the course of his employment. It may be conceded that the claimant's calling the foreman a liar did not justify him in assaulting claimant, but that is beside the questions presented, which are: Was it an accidental injury? and if so, Did it arise out of and in the course of employment? Both questions, as it seems to me, must be answered in the negative. The claimant was employed to oil machines; the foreman was employed to see that the machines were properly oiled. This was the work

which the employer had engaged them respectively to do. When the foreman determined the machine was not properly oiled, it was his duty to so inform the claimant, and when the claimant was thus informed, it was his duty to acquiesce in that determination. This necessarily follows if any discipline whatever was to be maintained among the employees. When the claimant, therefore, refused to obey the order of or acquiesce in the instructions given by the foreman, and called him a liar, he did what he was not employed to do; he did something independent of and not connected with the employment, something not in furtherance of or connected with the employer's business. It was something outside of it — an act of insubordination which would have justified his immediate discharge. He provoked the assault, not in the interest of his employer, but to gratify or satisfy his own personal feelings. The same may be said of the foreman. The provocation of the assault and the assault itself had no legitimate connection with the business of the employer.

In the prevailing opinion much stress is laid on *Matter of Heitz* v. *Ruppert* (218 N. Y. 148), but that case, as it seems to me, is clearly distinguishable from this. There, it was the duty of claimant to care for the horses intrusted to him, and see they were not injured by injudicious wetting or otherwise by a fellow-employee. A quarrel arose over the act of an employee in improperly wetting the horses and an injury resulted from a personal encounter which grew out of the quarrel. It was held that the injury was accidental and arose out of and in the course of the employment. Here, no such facts are involved. There was no effort to show that any business interest of the employer could be served by the claimant calling the foreman a liar or by the foreman assaulting the claimant.

A case very much like the present one is *Matter of Stillwagon* v. *Callan Brothers* (183 App. Div. 141; affd.,

224 N. Y. 714). There, the claimant's husband and another employee of Callan Brothers were engaged in unloading brick from a railroad car into trucks. They got into a dispute as to who was first entitled to load, came to blows, and claimant's husband was killed. It was held the death was not due to an accident growing out of or connected with the work which the claimant was employed to perform; that when he got into an altercation with the other employee he did something not in furtherance of the employer's interest nor for which he had been employed. (See, also, *Matter of DeFilippis* v. *Falkenberg,* 170 App. Div. 153; affd., 219 N. Y. 581; *Matter of Griffin* v. *Roberson & Son,* 176 App. Div. 6.)

For the foregoing reaons I dissent and vote to affirm the order of the Appellate Division reversing the determination of the industrial commission.

HOGAN, POUND and CRANE, JJ., concur with CHASE, J.; HISCOCK, Ch. J., and ANDREWS, J., concur with MC-LAUGHLIN, J.

Order reversed, etc.