HERBERT L. DeCOIGNE, Appellant, *v.* LUDLUM STEEL COMPANY, Respondent.

Third Department, July 2, 1937.

*W. Joseph Shanley* [*Eugene V. Coffey* of counsel], for the appellant.

*Neile F. Towner* [*Julian B. Erway* of counsel], for the respondent.

HEFFERNAN, J.   Plaintiff has appealed from an order and judgment of the Albany Special Term of the Supreme Court dismissing his complaint for failure to state a cause of action pursuant to rule 112 of the Rules of Civil Practice.

The discredited pleading charges defendant with liability on three distinct grounds based on identical facts.

The material allegations of the first cause of action are that defendant is a foreign corporation authorized to do business in this State with its principal place of business located in Albany county; that on and prior to December 21, 1935, plaintiff was employed by defendant as a tinsmith; that the defendant on and prior to such date maintained at its plant for private gain and profit a cafeteria where it prepared, sold and served meals and other foodstuffs at stipulated prices to its employees; that on such date plaintiff was required by his employer to work overtime, and that one of defendant's employees, the manager of the cafeteria, at the request of plaintiff's foreman, agreed to and did leave in the icebox in such cafeteria two pieces of pie to be eaten by the plaintiff and a helper; that plaintiff's helper took the pie from the icebox and plaintiff and such helper ate the same, and that as a result thereof they became violently ill and suffered various maladies. It is further alleged that one of defendant's employees, at the direction of defendant and its officers, willfully and unlawfully placed jalap in such pie without plaintiff's knowledge, which caused plaintiff to suffer the injuries of which he complains.   It is further alleged that the act of defendant and its officers in polluting the pie with jalap resulted in injury and damage to plaintiff and that

plaintiff is suffering from gastric ulcers of the stomach as a result of the poisonous and injurious effect of the jalap. The complaint also charges defendant with willfully and unlawfully poisoning such pie which it knowingly and specifically left in its cafeteria, well knowing that the same would be eaten by plaintiff.

The second cause of action consists of a repetition of the allegations of the first cause of action with the additional statement that plaintiff was served with the pie by defendant and that defendant warranted that the same was wholesome and fit for human consumption, and that plaintiff relied on such warranty when defendant well knew that the same was not wholesome and not fit for human consumption but, on the contrary, was poisonous and filled with jalap.

The third cause of action is likewise a repetition of the allegations of the first cause of action with the additional statement that defendant by its acts violated sections 198 and 199 of the Agriculture and Markets Law, prohibiting it from serving in its restaurant any article of food which is adulterated within the meaning of those sections.

The answer in addition to a general denial pleaded as a separate defense that defendant had complied with the provisions of the Workmen's Compensation Law by securing payment of compensation for injuries to all injured employees arising out of and in the course of the employment and that the injuries sustained by plaintiff were accidental and arose out of and in the course of his employment and that consequently plaintiff is precluded from maintaining an action at common law to recover for the injuries claimed to have been sustained.

In dismissing the complaint the learned justice at Special Term held that plaintiff's exclusive remedy is relief under the Workmen's Compensation Law. We dissent from that conclusion.

While the complaint may not be characterized as a model pleading, yet when attacked for insufficiency, every intendment and fair inference reasonably deducible therefrom must be resolved in its favor.

The Workmen's Compensation Law (§ 10) requires every employer subject to the act to secure compensation to his employees for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury with certain exceptions which are not material here. When an employer complies with the provisions of the statute the employee's sole remedy is under the Workmen's Compensation Law. (Workmen's Comp. Law, §§ 11, 29; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

The Workmen's Compensation Law (§ 2, subd. 7) declares that the words " injury " and " personal injury " mean " only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom."

We, therefore, pass to a consideration of the question whether plaintiff's injuries are accidental, arising out of and in the course of his employment. We think not. We do not question the correctness of the proposition that a willful and intentional assault may be an accident within the definition of the act. We have held again and again that when the nature of the employment is such as naturally to invite an assault, or when the employee is exposed to an assault by the character of his work, as when he is protecting or in charge of his employer's property, and the assault naturally results because of the employment, and not because of something unconnected with it, so that it is a hazard or special risk of the work, that it arises out of and in the course of the employment.

Defendant relies on cases where an employee had been assaulted by a fellow employee, a foreman or by a third party and the disabilities have been held compensable. These cases are readily distinguishable. In each was involved only the right of the employee to compensation from the employer, and not the right of the injured person to resort to his common-law action for damages against the wrongdoer. No case has been called to our attention, nor has our own research disclosed any, where it has been held that one who willfully assaults a workman while in the course of his employment, be he an employee, an employer or a stranger, when sued for the tort can successfully defend on the ground that the plaintiff and his employer are subject to the Workmen's Compensation Law, and that his sole remedy is thereunder.

In *Boek* v. *Wong Hing* (180 Minn. 470; 231 N. W. 233) the Supreme Court of Minnesota held that defendant, an employer, who intentionally and maliciously assaulted and beat plaintiff, an employee, while engaged in the employment, was not entitled to a dismissal of an action for damages based on the tortious act, on the ground that plaintiff's only redress was under the Workmen's Compensation Act. In the course of its opinion the court said: " An employer who intentionally and maliciously inflicts bodily injuries on his servant should occupy no better position than would a third party not under a Compensation Act, and should not be heard to say, when sued at law for damages, either that the injury was accidental or that it arose out of the employment. By committing a felonious assault upon a servant the master wilfully severs the relation of

master and servant and should be held to have left it to the election of the servant either to consider the relation still existing and seek redress through the Compensation Act or else to consider the relation terminated and seek redress under the common law. Instead of himself beating up plaintiff, had defendant hired a third party, who was not under any Workmen's Compensation Act, to do so, it would not for a moment be doubted that the third party, when sued for damages at law, could not move for a directed verdict, as was done here, on the ground that plaintiff's sole remedy was under the Compensation Act. If the mere tool or agent is liable in an action for damages, the principal should be likewise."

In the English case of *Blake* v. *Head* (106 L. T. Rep. [N. S.] 822) it appeared that an employee while engaged in his work under the direction of his employer's wife was suddenly attacked by his employer, who had, to the knowledge of the victim, been previously discharged from a lunatic asylum. There the court held that the resulting injuries did not constitute an accident arising out of the victim's employment, since the assault was an intentional felonious act and certainly did not arise out of the employment. It was written by BUCKLEY, L. J.: " A felonious act done by the employer cannot by any possible straining of language be called an accident arising out of the employment."

The Workmen's Compensation Law deals not with intentional wrongs but only with accidental injuries. In the complaint before us defendant is charged with wrongfully, intentionally and knowingly selling and delivering to plaintiff for immediate consumption food containing poisonous and deleterious ingredients, rendering the same injurious to health, and it is alleged that plaintiff ate the food and as a result thereof his health has been seriously impaired.

These allegations definitely negative the suggestion that plaintiff's injuries were sustained accidentally. An accidental injury clearly contemplates a casualty occurring without expectation or foresight. Construing the British Compensation Statute, Lord MACNAGHTEN, in the leading case of *Fenton* v. *Thorley & Co.* (L. R. [1903] A. C. 443) said: " The expression ' accident ' is used in the popular and ordinary sense of the word as denoting an unlooked-for mishap or an untoward event which is not expected or designed."

The defendant's acts constitute an invasion of plaintiff's rights for which the law gives him an action for damages. The fact that plaintiff may or may not, at his election, seek relief under the compensation law does not, in our opinion, bar his right to maintain an action to recover damages against the wrongdoer.

Giving to the complaint before us the liberal construction which we must it is reasonably clear that a cause of action for breach of warranty is stated. It charges that defendant conducted a cafeteria at its plant for private gain and profit. It alleges the sale and delivery of food by defendant to plaintiff as a patron of its restaurant knowing that the same was purchased by him for immediate consumption to which food defendant willfully and intentionally added a poisonous and deleterious ingredient rendering the same dangerous to health. It, therefore, logically follows that defendant impliedly warranted that the food was fit for human consumption. (Pers. Prop. Law, § 96; *Rinaldi* v. *Mohican Co.*, 225 N. Y. 70.)

The judgment and order appealed from should be reversed, with costs, and the motion for judgment on the pleadings denied, with costs.

HILL, P. J., RHODES and BLISS, JJ., concur; CRAPSER, J., dissents, and votes to affirm.

Judgment and order reversed on the law, with costs, and motion for judgment on the pleadings denied, with costs.