FRANCIS K. EGAN, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24476.) — Judgment affirmed, with costs. Memorandum: On sufficient evidence, the court below found that the State Police sergeant failed to make a reasonably careful examination of the Egan car to determine whether it was the one for which he was looking, failed to inform the claimants that he was a police officer and of the nature of the charge against them, before he attempted to place them under arrest, and that he was negligent in these particulars. Unless a felony is being committed in his presence, a peace officer, who attempts to make an arrest without a warrant, must disclose his authority and inform the person to be arrested of the nature of the charge against him. (Code Crim. Proc. § 180; *People* v. *Marendi*, 213 N. Y. 600, 609.) The facts as found bring these cases within the provisions of sections 12-a and 26 of the Court of Claims Act. ( *Kline* v. *State of New York*, 253 App. Div. 788; affd., 278 N. Y. 615.) All concur. (The judgment awards claimant damages for personal injuries sustained by reason of an assault by a member of the State Police.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

MARY RUTH FINNEGAN, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24477.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

SIDNEY B. PFEIFER, Respondent, v. RIVOLI OPERATING CORPORATION, Appellant.— Judgment and order of the Supreme Court affirmed, with costs, on the ground that there were not sufficient facts before the City Court of Buffalo to warrant opening the default and vacating the judgment. All concur. (The judgment of the Supreme Court reverses an order of the Buffalo City Court which granted defendant's motion to open a default judgment entered against it in an action to recover for legal services.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

NICHOLAS J. KARL, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24751.) — Judgment reversed on the law, with costs, and claim dismissed, with costs. Memorandum: We regard the basis of this action to be the existence of a defect in the highway on November 20, 1935, the date when the accident occurred. It follows, under section 58 of the Highway Law, that the State is not liable for damages suffered by plaintiff by reason of such defect. (*Hinds* v. *State of New York*, 144 Misc. 464, 465, 466; affd., 240 App. Div. 742; affd., 264 N. Y. 525; *Miller* v. *State of New York*, 231 App. Div. 363, 367; *Smith* v. *State of New York*, 227 N. Y. 405, 408, 410.) All concur. (The judgment awards claimant damages for injuries caused by negligent condition of highway.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

EMMA F. KARL, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24752.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.