RAYMOND MAZARREDO, Respondent, *v.* JACK LEVINE et al., Appellants.

First Department, June 21, 1948.

*Leon Caminez* of counsel (*Hamerman & Caminez,* attorneys), for Jack Levine, appellant.

*Harry Schechter* of counsel (*William H. Stieglitz* with him on the brief; *Bernard Katzen,* attorney), for Davega-City Radios, Inc., appellant.

*Irving Jacobson* of counsel (*Irving Jacobson* and *Morris K. Bauer,* attorneys), for respondent.

CALLAHAN, J. This action has been brought to recover damages for personal injuries sustained by reason of an alleged assault. The question on this appeal is whether the complaint should be summarily dismissed as to either or both of the defendants on the ground that the Workmen's Compensation Law provides the exclusive remedy available to the plaintiff under the circumstances of the case.

The plaintiff was employed by the defendant Davega-City Radios, Inc. (hereinafter called Davega) in the capacity of radio repairman. The defendant Levine also worked for the same employer as manager of one of its stores. The complaint

charges that Levine committed an intentional assault upon the plaintiff while the latter was engaged in repairing radios in the course of his employment. It is alleged that the assault was without just cause or provocation on the plaintiff's part, and that Levine was acting as the agent of Davega and within the scope of his authority.

The defendants have interposed separate answers to the complaint and allege by way of affirmative defense the existence of a policy of workmen's compensation insurance procured by Davega and that the sole remedy for the injuries sustained by the plaintiff is the right to benefits under the Workmen's Compensation Law.

On separate motions by each of the defendants for summary judgment it was contended that documentary evidence consisting of a copy of the compensation policy carried by Davega as aforesaid establishes the merit of the defense and that the plaintiff's right to compensation under the statute precludes any action for damages.

In opposition to Davega's motion the plaintiff submitted an affidavit of his attorney that appears to contradict the theory of the complaint in some respects. The source of the attorney's knowledge is not stated, and no evidentiary facts are set forth regarding the circumstances of the assault. The allegation of the complaint is repeated that the plaintiff was engaged in repairing radios for Davega at the time and place of the occurrence. It is asserted, however, '' That the assault had nothing to do with the work in which plaintiff was engaged nor had it anything to do with the work upon which the defendant, Jack Levine, was engaged in at the time.'' It is further alleged in conclusory fashion '' that the injuries sustained by the plaintiff did not arise ' out of ' and ' in the course of ' his employment, nor did they flow directly nor were they a direct consequence of his employment.''

Despite the shifting positions of the plaintiff as alleged in the complaint and affidavit of his attorney aforesaid it is at least clear on this record that the plaintiff claims to have been the victim of an unprovoked assault by a fellow employee while engaged in the repair of radios in the course of his employment.

The provisions of the Workmen's Compensation Law that we deem relevant in our consideration of the case are as follows:

'' § 2. *Definitions.*  *  *  *  7. ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment  *  *  *.''

" § 10. *Liability for compensation.* Every employer subject to this chapter shall * * * secure compensation to his employees and pay or provide compensation for their disability * * * from injury arising out of and in the course of the employment * * * except that there shall be no liability for compensation under this chapter when the injury has been solely occasioned * * * by wilful intention of the injured employee to bring about the injury * * *."

" § 11. *Alternative remedy.* The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, * * * at common law or otherwise on account of such injury * * *."

" § 29. *Remedies of employees; subrogation.* * * * 6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ."

It is quite apparent from these provisions of the statute that immunity from suit for damages has been vouchsafed to an employer (Workmen's Compensation Law, § 11) and to a coemployee (Workmen's Compensation Law, § 29, subd. 6) responsible for injuries suffered by a workman as a result of an industrial accident in covered employment.

It is well settled that the injuries sustained by an employee as a result of an unprovoked or unjustifiable assault by a fellow worker in the course of the employment are compensable as accidental injuries within the meaning of the law where the assault stems from a quarrel relating to the employer's business (*Matter of Heimroth* v. *Elk Transportation Co.,* 288 N. Y. 716; *Matter of Levy* v. *World-Telegram Corp.,* 285 N. Y. 533; *Matter of Rydeen* v. *Monarch Furniture Co.,* 240 N. Y. 295; *Matter of Knocks* v. *Metal Packing Corp.,* 231 N. Y. 78; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148). Where, however, the altercation is an independent affair or private dispute having no connection with the master's business, or if the injured employee is the aggressor or initiates the quarrel, the injuries are not compensable as an industrial accident (*Matter of Schlener* v. *American News Company,* 240 N. Y. 622; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.,* 233 N. Y. 12; *Matter of DeClemente* v. *New York State Railways,* 246 App. Div. 649; *Stein* v. *Williams Printing Co.,* 195 App. Div. 336; *Stillwagon* v. *Callan Brothers, Inc.,* 183 App. Div. 141, affd. 224 N. Y. 714; *Griffin* v. *Roberson & Son,* 176 App. Div. 6).

On this appeal, however, it appears to be the plaintiff's position that the assault, while committed in the course of his employment, nevertheless did not arise out of the employment. On the present record it is our view that the plaintiff has no cause of action for damages against Davega whether or not the assault arose out of his employment. Of course, it is clear that the plaintiff's injuries would be compensable as an industrial accident if they arose out of his employment. In that case compensation would be the sole remedy against the employer (Workmen's Compensation Law, § 11). On the other hand, the employer would not be answerable for the plaintiff's injuries if they did not arise out of his employment, unless Levine was acting within the scope of his authority as agent of the employer in committing the assault so as to invoke the rule of *respondeat superior.* In the circumstances of this case we find it difficult to conceive how the assault committed by Levine could have been within the scope of his authority as manager of Davega's store, but not have such relation to the plaintiff's employment as to arise out of the same. If a situation of this kind could and did exist, we should at least expect the plaintiff to set forth facts evidencing its existence. This, however, he has failed to do. Accordingly, we conclude that the corporate defendant is entitled to summary judgment directing dismissal of the complaint as against it.

On Levine's motion for summary judgment in his favor a different question is presented. It would seem that the Workmen's Compensation Law should not be available as a defense and that the plaintiff is entitled to prosecute his common-law action for damages against this defendant. The statute, of course, would have no effect on the common-law liability of Levine if the assault was the result of a private disagreement and without any connection with the employer's business. Assuming, however, that the plaintiff was not the aggressor and that the assault arose out of a quarrel between coemployees relating to matters connected with the employment so as to make the plaintiff's injuries compensable as an industrial accident insofar as the employer is concerned, we find nothing in the statute that requires us to construe it as affording to the perpetrator of the assault a defense based on the exclusive remedy of compensation provided for one injured by the negligence or wrong of another in the same employ (Workmen's Compensation Law, § 29, subd. 6).

It is true that in the case of injuries to a workman resulting from the negligence of a coemployee arising out of and in the

course of the employment the latter may plead the existence of compensation insurance as a defense when sued for damages by the injured party. (See *Caulfield* v. *Elmhurst Contr. Co.,* 268 App. Div. 661, affd. 294 N. Y. 803; *D'Agostino* v. *Wagenaar,* 183 Misc. 184, affd. 268 App. Div. 912, leave to appeal denied 294 N. Y. 640.) But this does not mean that the statute was intended to furnish a defense to one guilty of a willful assault as distinguished from mere carelessness. The fact that injuries received by an employee in a fight or quarrel with a fellow worker may be accidental injuries under certain circumstances and compensable insofar as concerns the employer does not mean that such injuries are also to be deemed accidental in regard to the assailant and the victim confined to compensation as his exclusive remedy. The Workmen's Compensation Law deals with accidental injuries, and not intentional wrongs. The commission of an assault by one employee upon another in the course and arising out of the employment may properly be deemed accidental from the standpoint of the employer as an untoward event not expected or intended. The same, however, can hardly be said for the perpetrator of the assault. It seems unreasonable to suppose that the Legislature intended to give statutory protection in the form of immunity from suit for a deliberate and intentional wrongful act. We have so construed the statute where an employee has been assaulted by the employer himself (*Le Pochat* v. *Pendleton,* 271 App. Div. 964, affg. 187 Misc. 296; see, also, *DeCoigne* v. *Ludlum Steel Company,* 251 App. Div. 662). There would seem to be no reason why the same rule should not be applied to a coemployee committing an assault on a fellow worker. (See *DeCoigne* v. *Ludlum Steel Company, supra,* p. 665.)

The order denying the motion of the defendant Davega-City Radios, Inc., should be reversed, with $10 costs and disbursements to the appellant, and the motion granted. The order denying the motion of the defendant Levine, so far as appealed from, should be affirmed, with $10 costs and disbursements to the respondent.

DORE, J. (concurring in result). In *DeCoigne* v. *Ludlum Steel Company* (251 App. Div. 662) the Third Department, which exclusively hears all appeals from determinations of the Workmen's Compensation Board, held an employer liable in a common-law action by an employee for deliberate and intentional injuries committed by the employer through the agency of another coemployee. The court distinguished numerous cases

relied on by pointing out that in such cases there was involved only the employee's right to seek compensation, not his right to resort to a common-law action for damages against the employer as a deliberate and intentional wrongdoer. The court said: " No case has been called to our attention, nor has our own research disclosed any, where it has been held that one who willfully assaults a workman while in the course of his employment, be he an employee, an employer or a stranger, when sued for the tort can successfully defend on the ground that the plaintiff and his employer are subject to the Workmen's Compensation Law, and that his sole remedy is thereunder." (P. 665.)

This court has very recently held that an employer who willfully assaults an employee may not plead his Workmen's Compensation coverage against a common-law action by the employee against him (*Le Pochat* v. *Pendleton,* 271 App. Div. 964, affg. 187 Misc. 296).

Hence if this record raised a triable issue as to the willful assault by the employer's agent in the course of his employment, the employer would be liable in a common-law action in spite of the coverage by Workmen's Compensation. So far as such injury relates to the injured employee, it is, as to his right to assert compensation, accidental. So far as the assaulting employee or employer is concerned, the act is deliberate and intentional and not accidental. This is a rational basis on which an employee may make an election either to claim compensation or to sue at common law.

But on this record plaintiff's own papers on the employer's motion for summary judgment exclude the conclusion that the assault occurred in the course of or arose out of the employment. In the only answering affidavit submitted on plaintiff's behalf in opposition to the motion by the employer, it is stated that the facts relating to the assault are reserved for the trial. But on a motion for summary judgment the facts should be shown so that the court can determine the nature of the assault and whether it did in fact arise out of and in the course of employment and whether the manager, coemployee, was acting as the employer's agent.

But that is not all. Plaintiff's attorney further swears that the " assault had nothing to do with the work in which plaintiff was engaged *nor had it anything to do with the work upon which the defendant, Jack Levine [defendant's manager], was engaged in at the time.*" (Italics ours.) Accordingly, on plaintiff's own version of the facts, Levine, the manager, who is claimed to have assaulted plaintiff, could not have been acting as defend-

ant's agent at the time in question. Therefore, the corporate defendant or employer may not be held liable.

Solely on that ground we concur in the result to reverse and grant the employer's motion for summary judgment.

Except as indicated above, we concur with the majority opinion insofar as it relates to the appeal of the employee Levine.

PECK, P. J., and COHN, J., concur with CALLAHAN, J.; DORE, J., concurs in result in opinion in which VAN VOORHIS, J., concurs.

Order, so far as appealed from [by defendant employee Jack Levine] unanimously affirmed, with $10 costs and disbursements.

Order [on appeal by defendant employer, Davega-City Radios, Inc.], unanimously reversed, with $10 costs and disbursements to the appellant and the motion granted.