IRENE M. LAVIN, as Administratrix of the Estate of KENNETH J. LAVIN, Deceased, Respondent, v. GOLDBERG BUILDING MATERIAL CORP., Appellant, et al., Defendants.

Third Department, March 9, 1949.

*Murphy, Aldrich, Guy, Broderick and Simon,* attorneys (*Morris Simon* of counsel, and *Bernard Simon* on the brief), for appellant.

*Owen D. Connolly, Jr.,* attorney (*Owen D. Connolly* of counsel), for respondent.

HEFFERNAN, J. Only a question of pleading is involved here. The material allegations of the amended complaint in this action are that plaintiff's intestate and defendant Steve Dish were employees of the corporate defendant Goldberg Building Material Corp., the former as a warehouseman and the latter as a yard boss; that on or about January 30, 1948, defendant, Dish, while engaged in his duties as a yard boss for the corporate defendant and while acting within the scope of his employment and while furthering the business of his employer, willfully and intentionally, without cause or provocation, assaulted plaintiff's intestate and inflicted upon him serious personal injuries. This action was instituted by plaintiff against both defendants for the recovery of the damages sustained by her intestate.

Defendant Dish did not appear in the action. The corporate defendant interposed an answer denying the material allegations of the complaint and alleging as a separate and complete defense, the existence of a policy of workmen's compensation insurance procured by it and that plaintiff's sole remedy for the injuries sustained by her intestate is the right to benefits under the Workmen's Compensation Law.

On the pleadings, affidavits and a copy of the compensation policy carried by it the corporate defendant moved for summary judgment and for judgment on the pleadings, and from an order denying its motion it has come to this court.

On this appeal we are bound to give the complaint a most liberal construction and every intendment and fair inference reasonably deducible therefrom must be resolved in its favor. When so construed it is obvious that it charges that a willful and intentional assault was perpetrated upon plaintiff's intestate by the individual defendant as the agent of and at the instigation of the corporate defendant. Summary judgment may not be granted where the conclusion depends upon conflicting inferences to be drawn from the facts. From the allegations of the complaint before us it may not be said as a matter of law that the injuries to plaintiff's intestate are accidental, arising out of and in the course of his employment (*DeCoigne v. Ludlum Steel Co.,* 251 App. Div. 662).

In that case this court held that plaintiff had the right to maintain a common-law action against his employer where it was alleged that the former was injured by eating deleterious food which the latter had provided and which it had poisoned knowing that it was to be consumed by plaintiff. We think our decision in the *DeCoigne* case (*supra*) is controlling here. There we said:

" We do not question the correctness of the proposition that a willful and intentional assault may be an accident within the definition of the act. We have held again and again that when the nature of the employment is such as naturally to invite an assault, or when the employee is exposed to an assault by the character of his work, as when he is protecting or in charge of his employer's property, and the assault naturally results because of the employment, and not because of something unconnected with it, so that it is a hazard or special risk of the work, that it arises out of and in the course of the employment.

" * * * No case has been called to our attention, nor has our own research disclosed any, where it has been held that one who willfully assaults a workman while in the course of his employment, be he an employee, an employer or a stranger, when sued for the tort can successfully defend on the ground that the plaintiff and his employer are subject to the Workmen's Compensation Law, and that his sole remedy is thereunder." (P. 665.)

In its brief and also in its argument at our bar defendant, unsuccessfully we think, has attempted to distinguish the facts in the *DeCoigne* case from those in the record before us. It relies upon *Mazarredo* v. *Levine* (274 App. Div. 122), *Williams* v. *Hartshorn* (296 N. Y. 49) and *Mittman* v. *Meyerson* (19 N. Y. S. 2d 575) to obtain a reversal of the order under review. None of the authorities is controlling.

In *Mazarredo* v. *Levine* (*supra*) the action was by an employee against his corporate employer and a coemployee to recover damages for an assault committed by the individual defendant upon plaintiff. The complaint charged that Levine assaulted plaintiff without cause or provocation and that he was acting as agent of the corporate defendant and within the scope of his authority. There, as here, the corporate defendant asserted that plaintiff's only remedy was under the compensation law. Both defendants applied for summary judgment. In opposition to the employer's motion plaintiff's attorney submitted an affidavit repudiating the allegations of the complaint. In that affidavit it was stated: " That the assault had nothing to do

with the work in which plaintiff was engaged nor had it anything to do with work upon which the defendant Jack Levine, was engaged in at the time,'' and further '' that the injuries sustained by the plaintiff did not arise ' out of ' and ' in the course of ' his employment, nor did they flow directly nor were they a direct consequence of his employment.'' (P. 124.)

The motion of the corporate defendant was granted solely by reason of the quoted statements in the affidavit to which we have referred as appears from the prevailing and concurring opinions of the court. That case does not avail this defendant. The *DeCoigne* case was referred to in both opinions. The same court which decided the *Mazarredo* case in an earlier case (*LePochat* v. *Pendleton,* 271 App. Div. 964) held that an employer who willfully assaults an employee may not plead his workmen's compensation coverage against a common-law action by the employee against him.

It should be noted that in the *Mazarredo* case the motion of the codefendant Levine was denied on the ground that the Workmen's Compensation Law was not available as a defense and that as to him plaintiff was entitled to prosecute his action for damages.

In *Williams* v. *Hartshorn* (*supra*) the court merely held that the administrator of an employee of a partnership who died of injuries arising out of and in the course of his employment may not maintain a common-law action for negligence against the partner who owned the premises where the partnership business was carried on and where the employee was killed. Obviously that case has no bearing whatever on the case before us.

Defendant places great emphasis on *Mittman* v. *Meyerson* (*supra*). That case was decided by the City Court of New York. As a precedent it is valueless. It is but the single discordant decision of a single judge of an inferior court. It has no persuasive force. It is in conflict with our decision in the *DeCoigne* case and with the decision of the Appellate Division, First Department, in the *Mazarredo* case.

The Workmen's Compensation Law deals not with intentional wrongs but only with accidental injuries. We entertain not the slightest doubt that where an employer, either directly or through an agent or servant, is guilty of a felonious assault upon an employee he cannot relegate the latter to the compensation statute as the sole remedy for his tortious act. It would be abhorrent to our sense of justice to hold that an employer

may assault his employee and then compel the injured workman to accept the meagre allowance provided by the Workmen's Compensation Law. Under such circumstances the one assaulted may avail himself of a common-law action against his assailant where full monetary satisfaction may be obtained.

The order appealed from should be affirmed, with $25 costs and disbursements.