## WHITTINGTON v. MOORE McCOR-MACK LINES, Inc.

No. 235, Docket 22321.

United States Court of Appeals Second Circuit.

Argued April 10, 1952.

Decided April 30, 1952.

Richard J. McAnany, New York City, Harry D. Graham, New York City, of counsel, for plaintiff.

John P. Smith, New York City, John Nielsen, New York City, of counsel, for defendant-appellant.

Before CHASE, MARIS and CLARK, Circuit Judges.

PER CURIAM.

The appellee, a checker of freight employed by the appellant on its Pier 32, North River, New York, was assaulted and injured by another employee who was appellant's "dock boss in charge of checkers" at the pier. He brought this suit to recover for his injuries, diversity of citizenship being the ground of federal jurisdiction, and, the facts having been stipulated, both sides moved for a directed verdict. The appellee's motion was granted and the question of damages was submitted to a jury. From a judgment for the appellee on the verdict, this appeal has been taken.

The assault was not due to any personal animosity on the part of the dock boss but, instead, was the method he adopted to try to force the appellee to work more overtime than the latter was willing to perform. The incident occurred on the pier when, after the appellee had worked some overtime, he was leaving the pier to go home. The employer did not instigate or direct the assault.

 The sole issue presented is whether the cause of the plaintiff's injuries was "accidental" within the meaning of the New York Workmen's Compensation Act, McKinney's Consol.Laws, c. 67, § 1 et seq., since, if it was, it is not disputed that his sole remedy was that provided in the statute. If it was not accidental, however, the appellee can maintain this suit since the appellant is liable for the acts of the pier boss which were in furtherance of his employer's business. Osipoff v. City of New York, 286 N.Y. 422, 36 N.E.2d 646, 136 A.L.R. 1354. And, of course, New York law is to be applied. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188.

Since this assault was not made at the direction or instigation of the employer, the resulting injury was, insofar as the appellant was concerned, something neither intended nor expected. It was, therefore, "accidental" within the meaning of the Compensation Act. Knocks v. Metal Packing Co., 231 N.Y. 78, 131 N.E. 741; cf. Mazarredo v. Levine, 274 App.Div. 122, 80 N.Y.S.2d 237. As the injury occurred while the appellee was leaving his employer's premises to go home, it was also incidental to his employment and within the coverage of that statute. Martin v. Metropolitan Life Ins. Co., 197 App.Div. 382, 189 N.Y.S. 467, affirmed 233 N.Y. 653, 135 N.E. 956. Consequently, the appellant's only liability is under Section 11 of the Act.

Lavin v. Goldberg Bldg. Material Corp., 274 App.Div. 690, 87 N.Y.S.2d 90 and De-Coigne v. Ludlum Steel Co., 251 App.Div. 662, 297 N.Y.S. 636, upon which the appellee relies, are to be distinguished on the ground that in each the pleadings on which the decision turned alleged that the employer had willfully caused the injury.

Judgment reversed and complaint dismissed.