Elba D. Estupinan, Individually and as Administratrix of the Estate of Francisco Estupinan, Respondent, *v.* Cleanerama Drive-In Cleaners, Inc., Appellant, et al., Defendants.

Second Department, March 6, 1972.

*Jayne & McNerney* (*Thomas Grimes* and *William C. Jayne* of counsel), for appellant.

*Dweck & Sladkus* (*Jack S. Dweck, Harvey I. Sladkus* and *Stephen B. Schulman* of counsel), for respondent.

Gulotta, J. This appeal brings up for review the sufficiency of a complaint in which the plaintiff, as administratrix of the estate of Francisco Estupinan, seeks to recover from the decedent's employer, defendant Cleanerama Drive-In Cleaners, Inc., damages sustained by reason of an assault committed by defendant John Bellasario, a fellow employee, resulting in the decedent's death.

Cleanerama moved to dismiss the complaint as against it, on the ground that, as to it, the action was barred by the Workmen's Compensation Law; and from the order denying that motion this appeal was taken.

Cleanerama is sought to be held solely on the ground that Bellasario was its agent acting within the scope of his authority when he committed the assault. No claim is made of active participation by Cleanerama in Bellasario's conduct other than through Bellasario himself; nor is any claim made that Bellasario was an officer or principal of Cleanerama. In an additional cause of action Cleanerama is charged with having failed to check into and investigate Bellasario's character before hiring him and with having failed to properly supervise its workers, make proper rules for their safety, etc.

In sum, Cleanerama is charged with a tort founded on negligence, for which the decedent's sole remedy vis-à-vis his employer was compensation under subdivision 6 of section 29 of the Workmen's Compensation Law, which states: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

Prior to instituting this action a workmen's compensation claim was made by the administratrix and that was resisted on the ground that Bellasario had not been a fellow employee and that he had worked as an independent contractor in performing tailoring work at the Cleanerama establishment, because he had no regular employment and the proceeds from his work were split 60% to him and 40% to Cleanerama. However, this attack was not successful and a compensation award was made to the administratrix of $33 per week and affirmed on appeal (*Matter of Estupinan* v. *Cleanorama Drive-In Cleaners,* 32 A D 2d 1026, affd. 27 N Y 2d 867). As of April 13, 1971, shortly before Cleanerama's motion to dismiss the complaint, the payments amounted to $10,960.

Although not provided for by statute, case law has engrafted an exception on the exclusiveness of the compensation remedy where the employer himself commits an assault on the plaintiff (*Le Pochat* v. *Pendleton,* 271 App. Div. 964, affg. 187 Misc. 296) or, acting through another, instigates or abets an assault (*Lavin* v. *Goldberg Bldg. Material Corp.,* 274 App. Div. 690). The facts in *Le Pochat,* as disclosed in the opinion at the Special Term, indicate that there the assault was personally committed by the defendant individual employer upon his butler.

In *Lavin* the complaint was sustained at the pleading stage, because it charged "that a willful and intentional assault was perpetrated upon plaintiff's intestate by the individual defendant as the agent of and at the *instigation* of the corporate defendant" (*supra,* p. 691; emphasis added). That case relied upon the following statement from *De Coigne* v. *Ludlum Steel Corp.* (251 App. Div. 662, 665): "No case has been called to our attention, nor has our own research disclosed any, where it has been held that one who willfully assaults a workman while in the course of his employment, be he an employee, an employer or a stranger, when sued for the tort can successfully defend on the ground that the plaintiff and his employer are subject to the Workmen's Compensation Law, and that his sole remedy is thereunder."

We have no quarrel with that statement, provided sight is not lost of the fact that it requires willfulness on the part of the employer before he can be deprived of the exemption afforded by the Workmen's Compensation Law. A mere charge of agency and liability by way of *respondeat superior* will not suffice to strip the employer of the protection of the statute (*Mazarredo* v. *Levine,* 274 App. Div. 122; *Artonio* v. *Hirsch,* 3 A D 2d 939).

In *Mazarredo*, the plaintiff tried to hold his employer, Davega-City Radio, Inc., for an assault committed by its manager, solely on the theory of agency. The plaintiff had not applied for compensation and attempted to avoid the application of the rule by claiming that the assault had not been related to his employment. As to that the court said: "In the circumstances of this case we find it difficult to conceive how the assault committed by Levine could have been within the scope of his authority as manager of Davega's store, but not have such relation to the plaintiff's employment as to arise out of the same. If a situation of this kind could and did exist, we should at least expect the plaintiff to set forth facts evidencing its existence. This, however, he has failed to do. Accordingly, we conclude that the corporate defendant is entitled to summary judgment directing dismissal of the complaint as against it" (*supra,* p. 126).

In the present case, of course, such an avenue is no longer open to this plaintiff, who has pursued a diametrically opposite course.

Accordingly, the order appealed from should be reversed, on the law, with $10 costs and disbursements, the motion granted and the complaint dismissed insofar as it is against defendant Cleanerama Drive-In Cleaners, Inc.

HOPKINS, Acting P. J. (concurring). I concur in the result Once the plaintiff, upon filing a claim, received and accepted benefits under the Workmen's Compensation Law, no common-law action based on the same facts against the employer was maintainable. The plaintiff cannot have both the benefits under the statute and damages at common law arising out of the same injury. Whether the plaintiff is estopped by the doctrine of *res judicata* or precluded by the doctrine of election of remedies is not necessary to decide. Under either doctrine this action does not lie (*Schmidt* v. *Carrara*, 11 A D 2d 788; *Legault* v. *Brown*, 283 App. Div. 303; cf. *Matter of Martin* v. *C. A. Prods. Co.*, 8 N Y 2d 226; *Doca* v. *Federal Stevedoring Co.*, 280 App. Div. 940, affd. 305 N. Y. 648; *Matter of Doca* v. *Federal Stevedoring Co.*, 308 N. Y. 44).

CHRIST and BRENNAN, JJ., concur with GULOTTA, J.; HOPKINS, Acting P. J., concurs in result, with a separate opinion, in which BENJAMIN, J., concurs.

Order reversed, on the law, with $10 costs and disbursements, and motion granted.