LYNDA JONES, Individually and as Administratrix of the Estate of HERBERT W. JONES, JR., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 54555; Cross Motion No. M-14178.)

Fourth Department, December 12, 1972.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*Cunningham, Cole, Sorrentino & Cavanaugh (William J. Cunningham, Jr.,* of counsel), for respondent.

DEL VECCHIO, J. P. The State appeals from an order denying a motion to dismiss a claim for failure to state a cause of action.

Decedent's injuries and death occurred in the course of efforts by the New York State Police to retake control of Attica State Correctional Facility following the prison uprising in which decedent was taken a hostage. The claim by his administratrix seeks to recover from the State for false imprisonment during the period of his detention and for the injuries and death resulting from the alleged negligence and willful and intentional assault on decedent committed by the State and its employees.

The claim alleges that the State Commissioner of Correction and the Superintendent at Attica were charged with the responsibility for controlling the prisoners at Attica; that on September 9, 1971 Herbert Jones, an employee at Attica, was willfully assaulted by the prisoners and taken hostage; that on September 13, 1971 a State Police officer under the command of Henry Williams, Captain of the New York State Police, while acting in the course of his employment for the purpose of forwarding the State's interest, willfully and intentionally assaulted Jones by firing several shots at Jones, one or more of which struck him, thereby causing his death.

Unlike the minority, we find no allegation in the claim that an intentional tort was committed by the State in its governmental

planning and decision making process by *officers entrusted with that responsibility*. "We may construe the allegations of a complaint liberally and at times disregard the form of relief sought, if the essential elements of right to relief exist. We cannot create a cause of action which is not alleged." (*Quintal v. Kellner*, 264 N. Y. 32, 39.) During the argument of the motion to dismiss, counsel for claimant conceded that the State Police officer was not assigned to go into the prison intentionally to kill Jones or any other employee.

Furthermore, it is well settled that in measuring the duty owed by the State to the public, the courts may not go behind the ordinary performance of planning functions by the officials to whom those functions are entrusted (*Weiss v. Fote*, 7 N Y 2d 579, mot. for rearg. den. 8 N Y 2d 934). In *Weiss* the Court of Appeals pointed out the error of those who believe " that the Court of Claims Act destroyed any and all facets of governmental immunity " (p. 586), and demonstrated that the Legislature simply " intended to put an end to the immunity of the State which derived from its status as a sovereign." No change was intended, however, when the immunity rests on the policy of maintaining the administration of municipal affairs in the hands of State or municipal executive officers as against the incursion of courts and juries. In these instances, which include the exercise of judgment in the course of governmental planning for the public safety, the inexpert opinion of a court or jury is not to be accepted over the expert opinion of the agency to which the subject has been entrusted. The decision by State officials charged with the responsibility for controlling prisoners at Attica to suppress the prison riot and retake control of the institution by the State Police for the purpose of restoring order logically falls within this class. " It is fundamental in the case of a sovereign, and it would require far more explicit language than the Legislature has yet used to alter the rule, that there is no responsibility under substantive municipal law for the acts of a sovereign in war or the suppression of public disorders or for the creation and development of the necessary instrumentalities of force to implement these functions " (*Newiadony v. State of New York*, 276 App. Div. 59, 62). The function involved at Attica prison being clearly sovereign in nature and completely foreign to any activity which could be carried on by a private person or corporation, the waiver of immunity by section 8 of the Court of Claims Act was ineffective since the State has never waived its immunity in this regard (*Bellows v. State of New York*, 37 A D 2d 342).

No basis appears in statute or case law for a different result by reason of the allegations of willful and intentional assault on decedent. In this case the governmental plan to suppress the riot and retake the prison involved deliberations of executive bodies which required the exercise of judgment of a quasi-judicial nature for which the State is not liable, notwithstanding such allegations (see *Olson* v. *United States,* 93 F. Supp. 150; *Weiss* v. *Fote, supra,* pp. 585, 586).

The order should be reversed and the claim dismissed.

CARDAMONE, J. (dissenting). Herbert Jones, a State employee working as an accounts clerk at the Attica Correctional Facility, was taken hostage on September 9, 1971 by the prisoners. He was killed when the facility was retaken by the State on September 13, 1971. His widow, Lynda Jones, as administratrix of his estate, brought a claim against the State for her husband's wrongful death. In her claim she alleges that the decedent's duties as an employee were completely clerical and had no relationship whatever to the guarding or disciplining of prisoners. Her claim alleges a first cause of action for decedent's wrongful death based on the State's negligence and a second cause of action for the same loss grounded on an intentional tort by the State in that in forwarding the State's interests it willfully and intentionally shot decedent in the head, chest and back causing his death.

The State's motion to dismiss her claim for failure to state a cause of action was denied by the Court of Claims (COOKE, J.). The majority have reversed and dismissed the claim. I dissent.

To dismiss the claim at this stage of the litigation without affording claimant any appropriate disclosure proceedings to which she may be entitled is inequitable. (CPLR 3102; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3102.29.) Indeed, it could even be characterized as unfair since the State has steadfastly refused to grant claimant any disclosure whatever, even to the point of denying her a copy of her husband's autopsy report. The State should not be permitted to benefit by its own refusal to grant claimant these procedures. Its motion to obtain a dismissal of the claim at this stage of the litigation and under these circumstances is inappropriate and premature (see *Banach* v. *Ætna Cas. & Sur. Co.,* 31 N Y 2d 701).

The majority incorrectly, in my view, dismiss this claim, concluding that it fails to state any cause of action. However, under the CPLR, motions to dismiss for failure to state a cause of action should not be granted unless it is clear that there can be no relief under any of the facts alleged in the pleading for

the relief requested or for any other relief (*Richardson* v. *Coy,* 28 A D 2d 640; *Foley* v. *D'Agostino,* 21 A D 2d 60; see, also, McKinney's Cons. Laws of N. Y., Book 7-B, CPLR 3013, Practice Commentary, Pocket Part 1972–73, p. 106). The same rule obtains in the Court of Claims (19 Carmody-Wait 2d, New York Practice, § 120:1). Turning to the substance of the claim which we construe liberally and in a light most favorable to the claimant, as we must upon a motion to dismiss, the claim alleges (1) an intentional tort and negligence committed by the State in its governmental planning and decision-making process;[1] and (2) an intentional tort and negligence committed by State employees in forwarding these governmental plans.

The State contends that none of these allegations states a cause of action against it, either because it is immune to suit or because workmen's compensation is the sole remedy available to the claimant.

Considering first the sufficiency of the allegation that the State itself, as part of its decision-making process, directed an *intentional tort* against claimant's decedent,[2] it should be noted that such a claim is unlike *Weiss* v. *Fote* (7 N Y 2d 579) where the claim charged the municipality with *negligence* in planning and policy. In *Weiss,* the Court of Appeals premised its determination that the State was immune on a policy of "maintaining the administration of municipal affairs in the hands of the state or municipal executive officers as against the incursion of courts and juries" (*supra,* p. 585). This rationale, plainly stated, is that to permit a court or jury to second-guess the decisions of the State's executive officers would result in an undesirable breakdown of the pattern of distribution of governmental functions (*Weiss* v. *Fote, supra,* p. 586). The claim here, as noted, is one of an *intentional tort,* however, where the liability

---

1. The claimant's allegations of intentional torts distinguish between the State and its agents and employees. In light of the principle favoring liberal construction of pleadings and in the absence of discovery it is an unfair burden on claimant to require the precision in pleading that the majority suggest.

2. A distinction is to be drawn between the State as a State acting pursuant to planning and policy decisions of its high echelon officers and the shortcomings of the State's individual employees. Thus, *Weiss* v. *Fote* (7 N Y 2d 579) recognized "state or municipal executive officers" and "deliberations of executive bodies" insofar as planning by governmental bodies is concerned and distinguished them from the day-by-day operations of government and the garden-variety injury which results from the shortcomings of state employees in carrying out the State's plans or decisions (*supra,* p. 585). A similar distinction was noted in *Bellows* v. *State of New York* (37 A D 2d 342) which involved, however, a claim of negligence on the part of the State in failing to provide adequate psychiatric care.

arises, if at all, from voluntary acts themselves and they need not be measured, therefore, against a standard of reasonableness implicit in the resolution of *negligence* claims. Since there is no second-guessing present in the case of an alleged intentional tort, the defense of governmental immunity, applicable to claims arising from negligent planning, is not a bar. Thus, where it is alleged that the State as a matter of policy or plan committed an intentional tort, the allegation states a good and valid cause of action against the State. The State has the undoubted authority to select such a plan but must, at the same time, be accountable for any damages caused thereby. In brief, there is no retained immunity by the State where it directs, as part of its policy or plan, an intentional tort. Such a conclusion is consistent with the modern view which rejects the notion that the "sovereign can do no wrong" (*Weiss* v. *Fote, supra,* p. 585) and accords with the broad language of section 8 of the Court of Claims Act which waived the State's immunity with respect to its legal status as a sovereign and placed it, in that respect, on an equal basis with individuals and corporations. For the same reasons, the claim that the State was *negligent* in its governmental planning *is* barred by the doctrine of governmental immunity (*Weiss* v. *Fote, supra*; *Bellows* v. *State,* 37 A D 2d 342).

Assuming workmen's compensation benefits were available to this claimant because decedent's injuries and resultant death arose during the course of his employment, claimant's common-law right to recover for alleged intentional torts committed by the State itself would not thereby be barred since workmen's compensation is not the exclusive remedy where claimant alleges a willful assault by his employer (*DeCoigne* v. *Ludlum Steel Co.,* 251 App. Div. 662; *Lavin* v. *Goldberg Bldg. Material Corp.,* 274 App. Div. 690).

Next to be considered are the allegations of the claim which charge intentional torts committed by State employees.[3] If it is determined that decedent was *not within* the course of his employment at the time of his injuries and death, the claim states a good cause of action against the State which would be held accountable on the theory of *respondeat superior,* and the doctrine of governmental immunity would not be a bar (*Huff* v. *State of New York,* 271 App. Div. 1040; *Egan* v. *State of New York,* 255 App. Div. 825). If it is determined that decedent

---

3. The claims against the individually named defendants have been discontinued in the present action since they cannot be sued in the Court of Claims. (Court of Claims Act, § 9.)

*was within* the course of his employment, the intentional tort of a coemployee of the State would relegate claimant to workmen's compensation insofar as any claim against the State is concerned.

There is a further allegation in which negligence on the part of State employees is claimed. Whether it states a valid cause of action depends upon whether the injuries and death resulting to claimant's decedent arose during the course of decedent's employment. To establish that workmen's compensation benefits are payable there must be a finding that the injuries and death occurred (1) while the decedent was doing the duty he was employed to perform and (2) as a natural incident of his work. The injuries and death must be one of the risks connected with the employment flowing therefrom as a natural consequence and directly connected with the work (*Matter of Heitz* v. *Ruppert.* 218 N. Y. 148). If the injuries and death arose, as the State contends, in the course of decedent's employment, workmen's compensation is claimant's sole remedy. If not, this negligence claim also states a valid cause of action against the State for the action of its agents on a theory of *respondeat superior.*

The resolution of these issues depends upon whether decedent was within the course of his employment at the time of his death. The trial court properly held that there were substantial factual issues raised with respect to decedent's employment. What risks the decedent, as an accounts clerk, was ordinarily expected to be exposed to and what risks and responsibilities he undertook are relevant undeveloped facts which must await discovery proceedings or the trial of the action.

Accordingly, since the State's motion to dismiss was directed against claimant's entire claim which, upon analysis, does state a good and valid cause of action, the denial of the State's motion should be affirmed.

WITMER and MOULE, JJ., concur with DEL VECCHIO, J. P.; CARDAMONE, J., dissents and votes to affirm the order, in an opinion, in which MARSH, J., concurs.

Order reversed without costs, motion granted and claim dismissed.