McCARTY et al. v. MITCHELL.

(Division A. Jan. 1, 1934. Suggestion of Error Overruled Feb. 12, 1934.)

[151 So. 567. No. 30742.]

**Butler & Snow,** of Jackson, for appellants.

Ross R. Barnett, P. Z. Jones, and Chalmers Potter, all of Jackson, for appellee.

Argued orally by **C. B. Snow**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment for the appellee for damages sustained by him because of a personal injury

alleged to have been caused by him by the negligence of the appellants. The case was tried twice. On the first trial judgment was rendered for the appellants, but was set aside by the court below; on the second trial, a judgment was rendered for the appellee. The record brings under review the setting aside of the first judgment. The reason assigned by the trial judge for setting aside the judgment was that he had erred in granting and refusing instructions to the jury. It will not be necessary for us to consider that question, for the verdict of the jury was in accord with what it would have been had the court granted, as it should have done, appellants' request for a directed verdict, from which it follows that the jury reached the right result.

The appellee was an employee of the appellants, and the wrong alleged to have been done him was an assault made on him by another employee of the appellants, who was a fellow servant of the appellee. The law of that relation applies here, the case not coming within the statutes abolishing the fellow-servant rule in some instances. In order for the appellee to recover, it must appear: (1) That the appellants employed, or retained in their service, the servant who committed the assault with knowledge, or its equivalent, that he did not possess the qualifications, mental, moral, and physical, which would enable him to perform his duties without exposing his fellow servants to greater danger than his work would necessarily entail; and (2) that the assault was committed under such circumstances as to make the appellants, because of the character of the servant who committed it and the knowledge of the appellants thereof, responsible therefor.

We will assume, for the purpose of the argument, that the evidence meets the first of these requirements and will state the case only in so far as it bears on the second.

The appellants were wholesale and retail merchants, conducting a number of chain stores. They operated

a warehouse in connection with their business from which merchandise was distributed to their chain stores by means of trucks. The appellee was, and had been for a number of years, in charge of this warehouse, and discharged, among other things, the duties of a shipping clerk. Walker was, and had been for a number of years, the driver of one of the trucks by which deliveries were made from the warehouse. He was under the supervision and control of the appellee, and was under( duty to obey his orders for the doing of anything necessary to be done in and about the warehouse and the delivery of goods therefrom. The assault was committed on Saturday. Three or four days prior thereto, the appellee suggested to one of the appellants that Walker be discharged for the reason ''that everybody believed he (Walker) was stealing, and they were all kicking about him being mean,'' whereupon that appellant told the appellee to give Walker his pay check on Saturday night, and to tell him that his services would be discontinued.

There was a steam engine and machine in the basement of the warehouse, without any flooring or covering over it, which was approached by means of steps from the warehouse proper.

The assault was made by Walker on Saturday about two p. m., and what then occurred can best be told in the appellee's own language. On being asked what Walker did, the appellee replied: ''When he backed his truck up in to the platform he got out and went back to the colored lavatory and in a minute or two he came to my little office and says 'Mr. Lee, I want you to come back here a minute, I have got something I want to show you.' And I went with him and got about half way and Paul said, 'I found something somebody has been stealing and I want to show you where it is,' and I says, 'All right,' and we went back there in about twenty-five feet from this cold storage machine, and there was a little space behind, and he says, 'There are two boxes there—

I just found them and wanted to show them to you and see if you can catch who it is.' So I reached over and picked them up and both were empty and I laid them back down and I says, 'Paul, how long have you known this?' and he says, 'I just found them a while ago.' I says, 'Well, pick them up and put them in the garbage barrel and I will tend to it myself.' . . . He (thereupon) slapped his left hand over my mouth and hit me on the forehead with his right hand and knocked me down on the floor, and about three feet from where I hit the floor there was some steps about four feet deep that goes to the basement where this cold storage machine is, and he shoved me down those steps—I don't know how he got me there—I was too dazed—but the next thing I knew I was down these steps, and he jumped down and grabbed me by my arms like this (indicating), and drug me back to that fly wheel, six or eight feet tall, with a twenty Horse power motor to it, and right by this wheel is a row of pipes about two feet from the wheel, and he drug me between these pipes and that wheel and tried to get me in that wheel, and when he tried to put me in the wheel I grabbed one with my left hand and he couldn't get me in the wheel; and my right arm scraped against the belt and burned a big hole in my arm here (indicating).'' Another servant then appeared upon the scene, and Walker ceased his effort to put appellee in the machinery.

Ordinarily, in order for the master to be responsible for an act of his servants, the act must have been committed within the scope of the servant's employment and in furtherance of the master's business. According to counsel for the appellee, this requirement is here met, for they say that the jury were authorized to believe that Walker committed the assault because of the direction given him by the appellee to pick up the empty box and put it in the garbage barrel. If this was Walker's reason for committing the assault, he was clearly discharging no duty he owed the master, for instead of thereby

furthering his master's business he was intentionally obstructing it. Compare Hines v. Green, 125 Miss. 476, 87 So. 649; Davis v. Green, 260 U. S. 349, 43 S. Ct. 123, 67 L. Ed. 299.

It may be, as to which we express no opinion, that, if Walker assaulted the appellee because he resented the order given, the appellants would be responsible therefor, provided they retained Walker in their service with the knowledge that he would resent, with violence, orders given him by his superior servant, and, therefore, had reason to expect that he would so do. That question cannot arise for the reason that it is manifest from the evidence that the assault was not committed by Walker for the asserted reason. On the contrary, it is clear from the evidence that Walker induced the appellee to accompany him into close proximity to the machinery with the then definite intention of there assaulting him and placing him in the machinery, so as to make it appear that he had been accidentally injured thereby. The very character of the assault itself alone, it being clearly made with a murderous intent, would raise a serious question in this connection; for it is hardly probable that a sane man—and there is no contention that Walker is not such —would deliberately attempt to murder the appellee merely because he resented an order to discharge a very simple duty incumbent upon him by virtue of his employment. Why Walker committed the assault does not appear from the evidence on the first trial. There was evidence on the second trial which seems to bear thereon, but it, of course, cannot be considered here.

The judgment of the court below will be reversed, and the judgment on the first trial will be reinstated.

Reversed, and judgment here for the appellants.