WALTER BOMBA, Respondent, v. MARY BOROWICZ, Defendant, and FRANK BOROWICZ, Appellant.

Second Department, December 22, 1942.

*Joseph B. Koppelman* for appellant.

*Frank Booth* for respondent.

CARSWELL, J. Frank Borowicz operated a restaurant in Brooklyn, employing plaintiff Bomba to serve at tables. There also worked for him, doing similar work, his wife, hereinafter referred to as "Mary." Mary had a dual status, that of employee and wife of Frank. We are concerned with her only as an employee. On June 25, 1941, while Bomba and Mary were

engaged in doing restaurant work, a controversy arose. The trial court has found on adequate evidence that Mary and Frank Borowicz, herein referred to as "Frank" engaged in a quarrel relative to details of work in the restaurant; that Bomba, as a consequence of Mary's conduct, became embroiled in the incident, in the course of which Mary threw a plate, then a knife at Bomba, and finally plunged a long bladed bread knife into Bomba's belly. Mary on prior occasions, to the knowledge of the defendant Frank, had engaged in other assaults in the restaurant, the victims being customers.

Plaintiff brought this action against his employer and Mary. He has had judgment against both. The employer appeals and contends that there is no basis in law for a judgment against him.

Defendant Frank asserts he violated no duty owing to Bomba. He was plainly guilty of a breach of the "non-delegable duty of care to select and retain in his employ only servants from whose conduct there is not an unreasonable risk of harm to other servants." (Restatement, Law of Agency, §§ 505, 487; *Swinarton* v. *LeBoutillier,* 7 Misc. 639; affd., 148 N. Y. 752; *Arlington Hotel Co.* v. *Tanner,* 111 Ark. 337; *McCarty* v. *Mitchell,* 169 Miss. 82; 39 Corpus Juris, § 652, p. 548.) He had ample knowledge that Mary was truculent and belligerent; that while on duty she was guilty of vicious and dangerous conduct. Despite this knowledge he retained her in his employ, to the damage of plaintiff.

Another theory which sustains liability is that appellant was under a duty not to maintain a nuisance, to plaintiff's detriment, in the restaurant where plaintiff worked, in the person of the co-employee Mary. This duty he breached. (*Hogle* v. *Franklin Manufacturing Co.,* 199 N. Y. 388; *Robinson* v. *Melville Manufacturing Co.,* 165 N. C. 495.) An actionable nuisance or danger may be animate or it may be inanimate, such as an unsafe condition in one's premises.

In principle no distinction may be made between an employee and a customer who suffers damage from such a nuisance. Moreover we have here a breach of appellant's non-delegable duty to furnish a safe place of work to plaintiff. (See Employers' Liability Law, § 2, subd. 2; Cons. Laws, ch. 74.)

Appellant was properly cast in damages. The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Judgment unanimously affirmed, with costs.