Stevens, J.
 

 The issue presented is whether the automobile liability policy, issued by plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), to defendant, James Westlake (Westlake) and in effect on February 1,1971, provides coverage to Westlake against liability for injuries suffered by his wife, Wanda Westlake, on that date, when a car owned and operated by Westlake, in which his wife was a passenger, collided with a car owned by Robert Christ, and operated by his wife, Louise Christ.
 

 Following the accident, the Westlakes commenced an action against the Christs to recover damages for injuries suffered by Wanda Westlake. The Christs then commenced a third-party action against Westlake, alleging that he was liable wholly or in part for any damages suffered by Wanda Westlake. West-lake sought to have State Farm defend such action and to assume responsibility for payment of any judgment rendered against him. Westlake’s demand of such defense was under the broad general terms of his policy. There is no dispute that a provision such as is required by subdivision 3 of section 167 of the Insurance Law, was not included in the policy issued to Westlake. • That section states, “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.”
 

 State Farm sought a declaratory judgment of nonresponsibility to defend or to pay any judgment recovered. The Appellate Division reversed a judgment in favor of State Farm with a direction that judgment be entered in favor of Westlake. Such judgment was entered as directed and State Farm took this direct appeal from the order of the Appellate Division (C'PLR 5611; Cohen and Karger, Powers of the New York Court of Appeals, § 73, p. 315
 
 et seq.).
 

 Westlake urges that State Farm is required under its policy to indemnify him with respect to any claims or judgments arising out of the operation of the vehicle it insured. He further urges that this court’s decision in
 
 Dole
 
 v.
 
 Dow Chem. Co.
 
 (30 N Y
 
 *591
 
 2d 143) permits apportionment of the damages sought by the Christs, and that subdivision 3 of section 167 of the Insurance Law is not applicable here.
 

 An automobile liability insurance policy is a contract whereby, dependent upon the happening of a fortuitous event, the insured is protected against loss or injury caused by the use of the insured vehicle (Insurance Law, § 41, subd. 1). Liability of the insurer attaches when there is a final judgment against the insured as a result of an obligation imposed by law. (30 N. Y. Jur., Insurance, § 1168.) If the insurance contract be considered as one of indemnity,
 
 “
 
 the liability of the insurer attaches only after loss or damage by the insured for which he is liable and has been compelled to pay.” (§ 1168.) The object is to compensate the insured for loss for covered risks.
 

 It is a general rule of construction that policies of insurance or indemnity are construed liberally in favor of the insured and strictly against the carrier. However, the policy must be considered in light of existing law and, in the absence of ambiguity, words are to be given their ordinary meaning.
 

 A married woman has a right of action against her husband for any wrongful or tortious act which causes injury to her (General Obligations Law, § 3-313, subd. 2). The section was intended to remove a common-law disability resulting from marriage and not to enlarge marital rights
 
 (Weicker
 
 v.
 
 Weicker,
 
 28 A D 2d 138, 141, affd. 22 N Y 2d 8).
 
 No
 
 longer is it considered contrary to public policy for one spouse to sue another for damages for personal injuries.
 

 In light of the fact that a spouse is permitted to maintain an action for damages for personal injuries, it would seem that State Farm should be obliged to defend the third-party action, since the Christ action seeks to do no more than what Wanda Westlake could have done. Particularly is this so when one considers article 6 of the Vehicle and Traffic Law and article 17-A of the Insurance Law with their provisions for compulsory automobile insurance. However, it is necessary to distinguish between the right to commence a suit and the bringing of such suit, and the obligation to defend and indemnify.
 

 Even as one statute removed a marital disability, another statute specifically provides that
 
 “
 
 [n]o policy or contract [of insurance] shall be deemed to insure against any liability of an
 
 *592
 
 insured because of * * * injuries to ibis or her spouse * * * unless express provision relating specifically thereto is included in the policy.” (Insurance Law, § 167, subd. 3.) Thus, the statute exempts the insurer from liability or the obligation to defend unless such provision is specifically included in the policy. The language is all inclusive and is applicable “ whenever indemnification is asked by a husband whose liability, regardless of the form in which or person by whom asserted, is basically and unquestionably because of injuries sustained by his wife as a result of his negligence. ” (30 N. Y. Jur., Insurance, §§ 1171, 1232;
 
 General Acc. Fire & Life Assur. Corp.
 
 v.
 
 Katz,
 
 3 Misc 2d 328;
 
 Feinman
 
 v.
 
 Rice Sons, 2
 
 Misc 2d 86, affd. 285 App. Div. 926).
 

 “
 
 Subdivision 3 of section 167 was designed to prevent collusion and fraud.”
 
 (Employers’ Liab. Assur. Corp.
 
 v.
 
 Aresty,
 
 11 A D 2d 331, 335, affd. 11 N Y 2d 696). The absence of fraud or the possibility of fraud is not sufficient to negate the plain intendment of the statutory exclusion provision. “ Before the right of coverage upon which a suit might be predicated could exist, it was requisite that such coverage be declared in specific language.” (p. 335).
 

 To hold State Farm liable here would be, in effect, to rewrite the contract of the parties. It would absolve Westlake from the obligation to pay the necessary premium for the added coverage and expose State Farm to a risk not contemplated by the parties and for which it is not compensated. The statute does not exclude spouse coverage. It merely requires that there be an express provision relating thereto. The rate charged would bear a reasonable relation to or be commensurate with the risk assumed. (See Insurance Law, §§ 180,183.)
 

 The contention that
 
 Dole
 
 v.
 
 Dow Chem. Co.
 
 (30 N Y 2d 143,
 
 supra)
 
 permits this action so as to obligate State Farm to defend or indemnify must be rejected.
 
 Dole
 
 v.
 
 Dow Chem. Co.
 
 merely permits apportionment among joint or concurrent tort-feasors. It cannot serve to override the plain language of the statute and to create a contract different from that made by the parties in conformity with the statute. The present case involves a matter of an insurance contract and the rights and obligations of the parties thereunder. While certain statutory provisions are deemed to be included in a contract of insurance whether or not
 
 *593
 
 expressly set forth (Insurance Law, § 143), that presumption will not serve to create a liability in direct contradiction to the express language of the same statute.
 

 The order appealed from should be reversed, with costs, and the matter remanded to Special Term with a direction that judgment be entered declaring that State Farm is not obligated to defend nor to indemnify Westlake against any judgment entered against him.
 

 Chief Judge Bbeitel and Judges Jasen, Gabbielli, Jones, Waohtleb and Babin concur.
 

 Order reversed, with costs, and case remitted to Supreme Court, Nassau County, for entry of a judgment in accordance with the opinion herein.