■ RAYMOND A. BRISCOE, Individually and as Father and Natural Guardian of RAYMOND A. BRISCOE, III, an Infant, Respondent, v LEWIS M. WILLIAMS, Appellant, et al., Defendant, and CAROLE R. THOMAS, Respondent. —In a negligence action to recover damages for personal injuries, etc., defendant Williams appeals from so much of an order of the Supreme Court, Orange County, dated April 7, 1975, as (1) denied the branch of his motion which was for summary judgment dismissing the cross claim of codefendant Thomas against appellant and (2) ordered that that cross claim is deemed a third-party claim. Order affirmed insofar as appealed from, with $50 costs and disbursements to respondents appearing separately and filing separate briefs. Appellant urged that his exemption from suit under subdivision 6 of section 29 of the Workmen's Compensation Law also protected him from the cross claim of codefendant Thomas for an apportionment of damages. This position is untenable *(Dole v Dow Chem. Co.,* 30 NY2d 143). *Rogers v Dorchester Assoc.* (32 NY2d 553) did not alter *Dole* and require that the third-party defendant be subject to suit by the initial plaintiff. A third-party defendant employer or employee owes a duty of care to the other employees. The Workmen's Compensation Law affects only an injured employee's remedies, not the duties of the employer or fellow employees. This case is governed by *Dole v Dow Chem. Co. (supra), Kelly v Long Is. Light. Co.* (31 NY2d 25), and *Tallarico v Long Is. Light. Co.* (45 AD2d 845, affd 38 NY2d 733). Neither *State Farm Mut. Auto Ins. Co. v Westlake* (35 NY2d 587), involving an interpretation of subdivision 3 of section 167 of the Insurance Law, nor *Barry v Niagara Frontier Tr. System* (35 NY2d 629), based primarily on former section 341-a of the Village Law, altered *Dole.* Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.