■ JOSEPHINE PANZICA et al., Respondents, v ALAN COLNICK et al., Appellants, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., defendants Groner and Lemieux, as limited by their brief, and defendant Colnick, appeal from so much of an interlocutory judgment of the Supreme Court, Suffolk County, entered March 17, 1976, as: (1) is in favor of plaintiffs and against defendants Groner and Lemieux, after a jury trial limited to the issue of liability only; and (2) on the cross claim of defendants Groner and Lemieux for indemnity, determined that defendant Colnick was liable to the extent of 99% of any amount recovered by the plaintiffs against defendants Groner and Lemieux. Interlocutory judgment reversed insofar as appealed from, on the law, without costs or disbursements, and, as between: (1) plaintiffs and defendants Groner and Lemieux; and (2) defendants Groner and Lemieux and defendant Colnick, action severed and new trial granted. The trial court committed prejudicial error when it charged the jury on the availability and limited scope of the remedy under the Workmen's Compensation Law. By charging the jury that the Workmen's Compensation Law does not allow compensation for pain and

suffering, the trial court implied that such recovery would be available only if defendants Groner and Colnick were both found to have been negligent. This would necessarily have a prejudicial effect on the jury's deliberations, notwithstanding the trial court's later caveat that sympathy should play no role in its considerations. The jury's factual determination of negligence should not have been clouded with instructions on the legal consequences and limitations of the Workmen's Compensation Law. It is, therefore, necessary to grant a new trial on the issue of liability and on the cross claim for indemnification. Subdivision 6 of section 29 of the Workmen's Compensation Law does not bar a cross claim for indemnification against a defendant who is a coemployee of the plaintiff. The cross claim is founded upon a separate duty of care, owed to the codefendant, and existing independently of the duty of care owed to the fellow employee. The Workmen's Compensation Law redresses only violations wherein an employee is injured by a fellow employee, and does not exclude remedies for a breach of the duty of care owed to a person who is not a fellow employee (*Briscoe v Williams,* 50 AD2d 883). Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.