Bernard F. McCafrrey, J.
The threshold issue to be determined in this matter is, when does a cause of action under Dole v Dow Chem. Co. (30 NY2d 143) contribution arise?
On February 4, 1976, plaintiff was a passenger in a motor vehicle driven by his wife, third-party defendant, Vera Hanozas, and owned by defendant, Theodore Gramas. The vehicle was covered for automobile liability insurance by Allstate Insurance Company. It was involved in an automobile accident with the motor vehicle owned by defendant, Giffords Industries, Inc., and operated by defendant, Paul Reimann. The latter defendants served a third-party summons and complaint upon the third-party defendant, Vera Hanozas. On July 29, 1976, counsel for Allstate prepared and served an answer on behalf of Vera Hanozas. Thereafter, on February 25, 1977, Benjamin Purvin, Esq., counsel for Allstate, appeared on behalf of Vera Hanozas at this courthouse at an examination before trial brought by the third-party plaintiff.
At this time, Benjamin Purvin, Esq., now makes this motion to withdraw as attorney for Vera Hanozas, the third-party defendant, and to be relieved from further services as attorney for her in this action.
Though counsel acknowledges that the defendant, Theodore Gramas, is due a defense and indemnification under the terms and contents of the Allstate Insurance Company policy, it is his contention that, because of the husband wife relationship between the injured passenger plaintiff (Antonis Hanozas) and the third-party defendant, Vera Hanozas, and pursuant to the provisions of section 167 of the Insurance Law in effect on February 4, 1976, Allstate Insurance Company is not obligated to defend nor indemnify the third-party defendant against any judgment entered against her by the impleading defendant- *522 third-party plaintiff. (State Farm Mut Auto. Ins. Co. v West-lake, 35 NY2d 587.)
However, the court notes that subdivision 3 of section 167 of the Insurance Law has recently been amended. This recent amendment provides that — "[t]his exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the married spouse”, and did not become effective until August 1, 1976, more than five months after the accident underlying this action. The act which amended the section (L 1976, ch 617, § 2) stated that it was to "apply to all causes of action arising on and after such date”. It may appear upon first blush that, because the accident occurred prior to the August 1, 1976 enactment date, defendant, Allstate, would not be obligated to defend and afford coverage to the third-party defendant as to the third-party action brought by defendant, Giffords Industries, Inc., under the main action instituted against it by third-party defendant’s husband, Antonis Hanozas. However, the court finds that the third-party action had not arisen prior to August 1, 1976, nor has it yet arisen. There has been no determination as to liability on the part of the third-party plaintiff, or any payment by it so as to entitle the third-party plaintiff to a recovery against the third-party defendant under CPLR article 14. (See Klinger v Dudley, 41 NY2d 362.)
The third-party defendant is, therefore, entitled to a defense by defendant, Allstate, with respect to the third-party action; and thus, attorney Benjamin Purvin may not withdraw as attorney for the third-party defendant. (See Matter of Mandels v Liberty Mut. Ins. Co., Index No. 2706/77, April 6, 1977 [Pittoni, J.].)
Furthermore, though this motion purports to relate to an application by counsel to withdraw as attorney for the third-party defendant, its real effect would be to serve as a disclaimer of coverage to the third-party defendant by Allstate Insurance Company; and in this respect the court finds that Allstate has never served notice of disclaimer as required by subdivision 8 of section 167 of the Insurance Law.
Therefore, the motion by Benjamin Purvin, Esq., attorney for defendant, Gramas, and third-party defendant, Vera Hanozas, for an order permitting Benjamin Purvin, Esq., to withdraw as attorney for the third-party defendant on the third-party action, and relieving him for further service as attorney for said third-party defendant, is denied.