John H. Doerr, J.
Plaintiff, having heretofore commenced an action for declaratory judgment against the defendants, now moves, inter alia, for summary judgment herein.
It is well settled that the threshold qualification for such relief is met when, as here, no factual dispute separates the parties.
All agree that on September 7, 1974, defendant Kenneth Barnett while operating his motor vehicle became involved in an accident with defendant Monnier. At such time, Mr. Barnett (with liability insurance issued to him by plaintiff) had as a passenger his wife, defendant Geraldine Barnett, who suffered personal injuries therein.
Kenneth Barnett brought suit against Monnier and on July 1, 1976, Geraldine Barnett in a separate action did likewise. Both actions were joined and Monnier in his answer set forth a counterclaim seeking indemnity from Kenneth Barnett "for all or part of any judgment which might ultimately be determined in the action in favor of Geraldine Barnett.” (Plaintiff’s complaint, action for declaratory judgment, par "seventh”.)
Mr. Barnett made demand on plaintiff to afford him representation and liability protection relative to the claim over. Plaintiff, by its interpretation of chapters 616 and 617 of the Laws of 1976, has denied that it owes any coverage to Kenneth Barnett since the accident occurred prior to August 1, 1976. The importance of that date is inextricably intertwined with pre-existent and recent legislation.
*5 By chapter 616 of the Laws of 1976, the Legislature amended subdivision 3 of section 167 of the Insurance Law, effective July 21, 1976, relative to the liability insurance exclusion of coverage for injuries to spouse by adding thereto that "This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse.”
Consistency required a similar amendment to subdivision 4 of section 388 of the Vehicle and Traffic Law, which was effected by chapter 617 of the Laws of 1976' which further provided: "§ 2. This act shall take effect on August first, nineteen hundred seventy-six and shall apply to all causes of action arising on and after such date.”
Briefly stated and prior to these enactments, New York statutes provided that the standard automobile liability insurance policy excluded coverage for injuries to "spouse unless express provision relating specifically thereto is included in the policy.” (Insurance Law, § 167, subd 3, supra; Vehicle and Traffic Law, § 388, subd 4.) The catalyst which occasioned the statutory amendments now under consideration was the decision in Dole v Dow Chem. Co. (30 NY2d 143).
Prior to that determination, automobile liability insurance companies were only required to indemnify and provide representation in husband-wife accident suits where their policy specifically so provided.
One of the many impacts of Dole v Dow Chem. Co. (supra) was that which allowed indemnification among joint tort-feasors. Translating such formula to an inter-spouse involvement, such as here, defendant Monnier, being sued by Mrs. Barnett as the result of an automobile accident in which she was injured, and he was the owner-operator of one vehicle, has asserted a claim over against her husband, the owner-operator of the other vehicle involved, and the one in which she was a passenger.
Plaintiff carrier takes the position that if the accident occurred on and after August 1, 1976, representation and indemnification of Mr. Barnett on such cross claim would be required regardless of liability policy language. In effect then, the argument of Lumbermens is that the language in the amended statute should be read to mean that the controlling date is the accident date and that Monnier’s cause of action arose on September 7, 1974.
*6 The position of the plaintiff is that when the Legislature said that the Act should apply to all causes of action arising on and after August 1, 1976, what the lawmakers really meant was that the Act should apply to all accidents occurring after that date and that a fortiori with the accident here having happened on September 7, 1974, plaintiff need not provide a defense and indemnification to their insured Kenneth Barnett.
This court disagrees.
Dole concluded that the "Right to apportionment of liability or to full indemnity, then, as among parties involved together in causing damage by negligence, should rest on relative responsibility and to be determined on the facts.” (Dole v Dow Chem. Co., supra, p 153.)
Antecedent thereto, the Court of Appeals had stated that "If tried together * * * the instruction would be to consider the third-party plaintiff’s cause over only if that party were found negligent”. (Dole v Dow Chem. Co., supra, p 153; emphasis supplied.)
In the case at bar, Monnier, although he can assert his cross claim in his answer or at a proper time in order to avoid waiver thereof (see Caucci v Fesko, 76 Misc 2d 614), will only have a cause of action which will arise after a finding of negligence on his part. Absent such determination, his cause of action for apportionment among a joint or concurrent tortfeasor will never arise. Consequently, his cause of action, if at all, is one that is still in futuro and thus subsequent to August 1, 1976.
Careful consideration has been given to State Farm Mut. Auto. Ins. Co. v Westlake (35 NY2d 587), a decision which indirectly reversed Logan v Exchange Mut. Ins. Co. (44 AD2d 886) and which has itself been largely overturned by the legislative amendment to subdivision 3 of section 167 of the Insurance Law. This recent statutory provision is deemed included in the insurance contract between plaintiff and Kenneth Barnett (Insurance Law, § 143).
Should plaintiff, in the light thereof, fail to provide Mr. Barnett with representation on the cross claim, it does so at its peril. "An insurer’s obligation to furnish its insured with a defense is heavy indeed, and, of course, broader than its duty to pay.” (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326; McGroarty v Great American Ins. Co., 36 NY2d 358.)
*7 The obligation of the insurer as to the payment of any judgment on behalf of Kenneth Barnett is premature even for declaratory judgment purposes (24 Carmody-Wait 2d, NY Prac, § 147.21, p 433).
The motion for summary judgment is in all respects denied.