■ LOUIS MANDELS, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.—In an action, *inter alia,* to declare that a disclaimer of coverage made by defendant Liberty Mutual Insurance Company was improper, the appeal is from a judgment of the Supreme Court, Nassau County, dated April 6, 1977, which, upon granting plaintiff's motion to dismiss Liberty's affirmative defense and for summary judgment, *inter alia,* declared that the disclaimer had been improper and wrongful. Judgment reversed, on the law, without costs or disbursements, plaintiff's motion denied, and judgment is granted in favor of Liberty Mutual Insurance Company declaring that the disclaimer was proper and that it is not required to defend and indemnify the plaintiff for any judgment that may be awarded against him arising out of the acts alleged in the third-party action instituted against him by the defendants Lichter. Initially, a brief review of the legal background of the issue involved herein must be set forth. In 1974 the Court of Appeals held in *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587), that under section 167 of the Insurance Law, as it then read, there was no obligation on the part of an insurance company to defend or to indemnify the husband of an injured plaintiff who was sued for

apportionment of damages under *Dole v Dow Chem. Co.* (30 NY2d 143). In *State Farm Mut. Auto. Ins. Co. v Westlake (supra,* p 592), the Court of Appeals stated that to require liability coverage for the husband of the injured wife "would be, in effect, to rewrite the contract of the parties * * * and expose State Farm to a risk not contemplated by the parties and for which it is not compensated." Thereafter, on July 21, 1976, the Legislature amended subdivision 3 of section 167 of the Insurance Law, effective August 1, 1976, so as to provide for this type of coverage. The amendment was specifically to apply "to all causes of action arising on and after" August 1, 1976 (L 1976, ch 616, § 1; ch 617, § 2). The plaintiff-respondent's wife was injured in an accident which occurred before August 1, 1976; she sued the defendants Lichter; a third-party action against plaintiff seeking an apportionment of damages was commenced after August 1, 1976. The question presented to the Special Term was simply whether the third-party action seeking apportionment from plaintiff was one "arising" on or after August 1, 1976 and, therefore, governed by subdivision 3 of section 167 of the Insurance Law, as amended. In answering that question in the affirmative and directing defendant-appellant Liberty Mutual Insurance Company to defend and, if necessary, indemnify plaintiff, the Special Term held that although the accident occurred on May 30, 1976, prior to the effective date of the amendment, the third-party cause of action had not arisen by August 1, 1976, and would not arise until the defendants and third-party plaintiffs therein had been held liable in the main action. We disagree with the conclusion of Special Term. There is no doubt from the available legislative history that the amendment to subdivision 3 of section 167 was enacted prospectively to overcome the holding of *State Farm Mut. Auto. Ins. Co. v Westlake (supra)* (see McKinney's Session Laws of N Y, 1976, pp 2245, 2248). However, this fact, standing by itself, is not sufficient to resolve the issue raised herein. Notwithstanding the fact that the statute by its very words is prospective, it remains susceptible to two different interpretations. In contrast to plaintiff's interpretation of the statute, which was accepted by the Special Term, appellant argues that the word "arising" used in the statute is to be distinguished from the word "accruing" and that the right of one party to demand that a joint tort-feasor share liability is an inchoate right which arises upon the happening of the accident. Since the accident occurred prior to the effective date of the statute, it is the appellant's position that it has no duty to defend and indemnify plaintiff. There is authority, in the form of case law in sister States, in support of appellant's argument regarding the distinction between the words "arise" and "accrue" (see *Roques v Continental Cas. Co.,* 17 La App 465; *Gregg v Middle States Utilities Co.,* 228 Iowa 933; *Doughty v Funk,* 15 Okla 643; *Moran v Moran,* 144 Iowa 451). In addition, one scholar has already taken the position advocated by the insurer, stating that the amendment was meant to apply to an accident occurring after August 1, 1976, i.e., "the claim out of which the contribution claim arose" (see 28 Syracuse L Rev 420). Quite apart from these authorities, it is our view that sound principles of statutory construction and public policy mandate a reversal of the judgment. The insurance policy herein was purchased by the plaintiff from the appellant in consideration of a premium computed on the basis of subdivision 3 of section 167 of the Insurance Law as it read prior to its amendment. In construing that statute, the Court of Appeals in 1974 held, in *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587, *supra),* that the insurer would not be required to cover and defend this particular risk. The interpretation of plaintiff and Special Term would effectively vitiate the holding of the Court of Appeals in

*State Farm Mut. Auto. Ins. Co. v Westlake (supra)* by subjecting insurers to potentially numerous claims which were never contemplated by the parties at the time the insurance policies were issued, and for which no appropriate premium had been computed or paid. Apart from such a construction posing questions of unconstitutional impairment of contracts, it is a well-settled rule that "statutes must be construed to avoid not only the conclusion that they are unconstitutional, but also to avoid any grave doubts upon that score" (see McKinney's Cons Laws of NY, Book 1, Statutes, § 150, p 324). Accordingly, the judgment appealed from must be reversed and judgment entered in favor of the defendant insurer. Titone, J. P., Suozzi and Hawkins, JJ., concur; Cohalan, J., dissents and votes to affirm the judgment on the opinion of Mr. Justice Pittoni at Special Term.