OPINION OF THE COURT
Frank R. Bayger, J.
The primary issue presented by these actions concerns an insurer’s obligation to defend and indemnify an insured driver against a joint tort-feasor’s claim for an apportionment of damages and contribution with respect to injuries sustained by the insured’s spouse. Both actions relate to a December 8, *747 1973 automobile accident at the Town of Royalton, New York, involving vehicles owned by Burnell Ward and Elizabeth Accordino and operated by Daniel Ward and Phillip Accordino, respectively. Mrs. Accordino was insured by the third-party defendant, the Travelers Indemnity Company (Travelers) and was a passenger in the insured vehicle at the time of this collision. Her husband and driver, Phillip Accordino, was similarly insured by Travelers under the terms of his wife’s policy.
A 1976 jury trial of the Accordinos’ personal injury claims resulted in a $50,000 verdict for Mrs. Accordino, but her husband’s claim was dismissed. Judgment was entered accordingly on February 7, 1977, and the Wards thereafter paid $21,742.12 in partial satisfaction of their judgment liability to Mrs. Accordino. The Wards thereupon brought the present action for an apportionment of damages and proportional contribution by Mr. Accordino under the provisions of CPLR article 14 and the rule of Dole v Dow Chem. Co. (30 NY2d 143). They contend that the verdict and judgment of dismissal entered against Mr. Accordino, as a plaintiff, conclusively established his contributory negligence and partial responsibility for the happening of this accident and the judgment damages they sustained. Travelers has refused to defend that action or otherwise afford Mr. Accordino any liability protection under the terms of his wife’s policy. The above-entitled third-party action was therefore commenced to determine Travelers’ liability in that regard and to compel the insurer’s indemnification of Mr. Accordino for all expenses heretofore incurred in defense of the Wards’ claim.
At the time of this collision, subdivision 3 of section 167 of the Insurance Law declared that "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy.” (L 1939, ch 882, as amd by L 1941, ch 627.) Travelers contends that the absence of any such provision in the Accordino policy relieves it of any contractual liability to defend or indemnify the defendant and third-party plaintiff herein. The statute was amended, however, by chapter 616 of the Laws of 1976 so as to limit that presumptive exclusion of interspousal coverage to only those cases where the injured spouse’s right to recover was dependent upon proof of culpable conduct on the part of the insured spouse. *748 The amendment was made prospectively applicable to all courses of action arising on or after August 1, 1976 (L 1976, ch 617) and was unquestionably intended to remedy the inequities created by a strict application of the former statute to third-party claims against a driver spouse for relative contribution on account of injuries to a passenger spouse such as presented herein (cf. Memorandum of Law Rev Comm, NY legis Doc, 1976, No 65 [G]; see McKinney’s Session Laws of NY, 1976, pp 2245-2248; and see State Farm Mut. Auto. Ins. Co. v Westlake, 35 NY2d 587).
In this case, Mrs. Accordino’s right of recovery was obviously not dependent upon any allegation or proof of negligence on the part of her husband. Therefore, if the Wards’ cause of action for contribution may be said to have arisen after August 1, 1976, the coverage exclusion provision of subdivision 3 of section 167 of the Insurance Law will not apply and the insurer may be held responsible for the defense and indemnification of the insured spouse. Several cases have heretofore held that causes of action for apportionment and contribution under Dole (30 NY2d 143, supra), or CPLR article 14, arise or accrue (in this sense the words are synonymous— cf. Black’s Law Dictionary [4th ed]), not as of the date of the tort with respect to which contribution is sought, but only at such time as the liability of the party seeking contribution is established, or satisfied by payment (Bay Ridge Air Rights v State of New York, 57 AD2d 237; Gates-Chili Cent. School Dist. v State of New York, 55 AD2d 44; Hanozas v Gramas, 91 Misc 2d 520; Lumbermens Mut. Cas. Co. v Barnett, 91 Misc 2d 3). Pursuant to those authorities, I find that the Wards’ cause of action for contribution arose after August 1, 1976. Travelers is therefore obligated to defend and indemnify the defendant and third-party plaintiff in accordance with the terms of the Accordino policy, which policy must be deemed to conform with the amended provisions of subdivision 3 of section 167 of the Insurance Law and subdivision 4 of section 388 of the Vehicle and Traffic Law (Insurance Law, § 143, subd 1).
In so ruling I have respectfully declined to follow the majority opinion in Mandels v Liberty Mut. Ins. Co. (60 AD2d 864) as I find that decision to be in apparent conflict with the views of the Third and Fourth Departments of the Appellate Division as to when a cause of action for Dole (30 NY2d 143, supra) contribution arises (cf. Bay Ridge Air Rights v State of *749 New York, supra; Gates-Chile Cent. School Dist. v State of New York, supra); and inconsistent with the remedial legislative purpose and intent of the amendments in question (cf. NY Legis Doc, 1976, No 65 [G], supra; McKinney’s Cons Laws of NY, Book 1, Statutes, § 321).
The insurer having been found liable for the defense and indemnification of the defendant and third-party plaintiff herein, I believe that it should have a reasonable opportunity to offer such defense to the Wards’ cause of action as it deems appropriate. The plaintiffs’ motion for summary judgment is therefore denied without prejudice to its renewal at the expiration of 30 days from the date of entry of the order to be entered herein.
The defendant and third-party plaintiff’s motion for summary judgment is granted, together with costs and reasonable attorney’s fees of $595.