*677 OPINION OF THE COURT
Frank S. Rossetti, J.
The subject claim is for reimbursement of first-party benefits (see Insurance Law, § 671, subd 2 [eff until Nov. 30, 1977]) paid to an accident victim under "no-fault” insurance provisions (i.e., Comprehensive Automobile Insurance Reparations Act, Insurance Law, art 18, §§ 670-678). The party paid was Anne Crane, a passenger in a car driven by her husband which hit a utility pole alongside a State highway.
Defendant contends the claim should be dismissed for failure to state a cause of action on two grounds: (1) the claim fails to allege that any payments were made, and if they were, the amount thereof; and (2) claimant was not (legally) required to make any payments to Mrs. Crane because she was the spouse of the insured (citing Insurance Law, § 167, subd 3, and Vehicle and Traffic Law, § 388, subd 4) and thus the payments were a gift for which defendant is not required to reimburse claimant. We find neither ground warrants dismissal.
Paragraph 6 of the claim alleges, inter alia, that "Anne Crane applied for and received first-party benefits from the [claimant]”. Paragraph 8 lists the particulars of "such first party benefits” in the total amount of $54,292.06. This is the amount for which claimant demands judgment in the claim. We believe the foregoing adequately sets forth the fact of payment and the amount thereof.
We also find that the cited statutes do not foreclose the instant claim. Subdivision 4 of section 388 of the Vehicle and Traffic Law (which section imposes the imputed liability of an automobile owner) essentially mandates that an owner’s automobile liability insurance policy provide for such imputed liability, but adds that such provision shall not be construed as requiring the policy to "include insurance against any liability of the insured” for injuries to his spouse. (Emphasis added.) Subdivision 3 of section 167 of the Insurance Law (which section generally covers the standard provisions of liability insurance policies) provides that "[n]o policy or contract shall be deemed to insure against any liability of an insured because of * * * injuries to his * * * spouse * * * unless express provision relating specifically thereto is included in the policy.” (Emphasis added.) Both this subdivision and said subdivision 4 were amended to limit this spousal exclusion to "where the injured spouse, to be entitled to *678 recover, must prove the culpable conduct of the insured spouse.” (See L 1976, chs 616, 617.) These amendments were added in order to legislatively overcome the Court of Appeals decision in State Farm Mut. Auto. Ins. Co. v Westlake (35 NY2d 587).[1] (See Mandels v Liberty Mut. Ins. Co., 60 AD2d 864, 865.) However, the amendment to the operative of the two cited subdivisions (i.e., subdivision 3 of section 167 of the Insurance Law)[2] has been recently held to apply only to accidents occurring on and after its effective date, August 1, 1976. (See Mandels v Liberty Mut. Ins. Co., supra.) Thus the said legislative limitation of the spousal exclusion is not applicable to the instant claim and the decision in Westlake (see n 1, supra) is.
Nonetheless, even as the exclusion read and was interpreted when claimant made the subject payments and filed its claim herein, it was not applicable thereto. This is because the no-fault law, under which claimant made the payments and brought this claim, did not require the payments because of any "liability of the insured.” Rather, claimant’s obligation to pay arose directly by reason of the law’s provisions and their legislatively mandated incorporation into its policy with the insured. The obvious key concept of no-fault is to make payment irrespective of the insured’s fault and liability. The statutory spousal exclusion is applicable only when an insured seeks indemnification from his insurer for injuries to his spouse which he is liable for because they were " 'sustained * * * as a result of his negligence.’ ” (State Farm Mut. Auto. Ins. Co. v Westlake, supra, p 592, emphasis added.) Under no-fault, negligence and an insured’s liability therefor are irrele *679 vant as far as an insurer’s duty to pay a person injured in an auto accident is concerned.
The said law’s provisions mandating the subject first-party payments made this clear. The applicable part of section 672 of the Insurance Law (i.e., subd 1 [eff until Nov. 30, 1977]) stated that every owner’s motor vehicle liability policy shall provide for the payment of first-party benefits to "(a) persons, other than occupants of another motor vehicle, for loss arising out of the use or operation in this state of such motor vehicle”.[3] The provision is unequivocal, with no exceptions or limitations concerning the insured’s fault or liability (such is pertinent only with respect to settlements between insurers— see Insurance Law, § 674). We therefore find both the intent and the terms of the no-fault law are such that the subject spousal exclusion is inapplicable thereto.
Accordingly, based on all of the foregoing, the State’s motion for summary judgment is denied in its entirety.

. In Westlake, an action was brought by an insured driver owner and his passenger wife against the owner and operator of the other car for her injuries in an automobile accident. The defendants commenced a third-party action against the insured for apportionment of damages under Dole v Dow Chem. Co. (30 NY2d 143). The insured sought to have his insurer defend and be responsible for payment in said action, but the insurer brought an action for a declaratory judgment of nonresponsiblity under the spousal exclusion in subdivision 3 of section 167 of the Insurance Law. The Court of Appeals held, despite the absence of any reason for collusion between the insured and his wife against the insurer (the prevention of such collusion being the purpose underlying said subdivision 3 — see State Farm Mut. Auto. Ins. Co. v Westlake, supra, p 592), that the exclusion applied and thus the insured’s liability for his spouse’s injuries was not included in the insurer’s coverage.

. This subdivision declares affirmatively that there shall be no spousal coverage unless the policy expressly and specifically so provides. Subdivision 4 of section 388 of the Vehicle and Traffic Law merely provides, negatively, that such coverage shall not be implied.

. The no-fault law became generally effective February 1, 1974 and specified that automobile policies not complying with its provisions "shall be construed as if the [law’s] provisions * * * were embodied therein”. (L 1973, ch 13, § 11.)