Cooke, J.
(dissenting). This court today concludes that one who is not a joint or concurrent tort-feasor may nonetheless be held liable for contribution under Dole v Dow Chem. Co. (30 NY2d 143). Because such a holding marks a sudden, unexplained departure from prior well-reasoned decisions, I must dissent.
At the outset, I note my agreement with the majority insofar as it refuses to create a cause of action in favor of the decedent against his parent. Surely, in the usual case, a father’s decision to give a particular article to his child, involving an assessment of the child’s unique capabilities, maturity and judgment, falls well within the realm of parental supervision. As such, the parent’s conduct is not actionable by the infant (Holodook v Spencer, 36 NY2d 35).
But, having found that the infant does not possess a cause of action against his father, I cannot subscribe to the view that the father may somehow be liable in contribution to a defendant tort-feasor. True, the landmark decision in Dole *348 "permits apportionment of damages among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault” (Kelly v Long Is. Light. Co., 31 NY2d 25, 29). Thus, "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them” (emphasis added) (CPLR 1401). If the person from whom contribution is sought owes no duty to the injured plaintiff, however, he simply is not a joint or concurrent tort-feasor. In such a case, no apportionment may be granted (Prosser, Torts [4th ed], § 50, p 309; cf. De Witt Props. v City of New York, 44 NY2d 417, 427).
This principle is inherent in the doctrine of contribution, and our cases have consistently so held. In Barry v Niagara Frontier Tr. System (35 NY2d 629), we refused to allow a contribution cause of action where the third-party defendant breached no duty to the injured plaintiff: "Since it is conceded that no prior notice of the dangerous condition was given to the village, no cause of action accrued against the village. To say that a third-party apportionment action may be brought against the village would permit indirectly what could not be done directly by the plaintiffs themselves” (id., at p 633). Directly relevant, too, is Holodook v Spencer (36 NY2d 35, supra), which held that a parent who negligently supervises his child may not be cast in damages, either in a direct tort action or by way of a Dole claim. The basis of this decision was clearly articulated: "Because the secondary right to contribution in these cases is dependent upon the parent’s alleged failure to perform a duty owing to the plaintiff child, the absence of the primary cause of action defeats” the contribution actions (id., at p 51). Perhaps the clearest statement of the rule, however, is contained in Rogers v Dorchester Assoc. (32 NY2d 553, 564 [Breitel, J.]): "The rule of apportionment applies when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person” (emphasis added).
Nor do the workers’ compensation situations relied upon by the majority represent a departure from this established rule. To be sure, a joint tort-feasor may obtain contribution from an employer, even though the employee plaintiff could not sue the employer directly. The bar to a direct action in those *349 cases, however, lies not in the absence of a duty owing from the employer to the employee, but rather in the existence of a statutorily created exclusive remedy (Workers’ Compensation Law, § 11). Simply stated, the employer owes a duty of care to his employee, and when he breaches that duty he subjects himself to liability for contribution (Briscoe v Williams, 50 AD2d 883). That the injured party pursues his remedy for this breach in an administrative rather than judicial forum is irrelevant to the question of contribution.
Thus, to hold Walter Nolechek liable in contribution to a third-party tort-feasor, despite the absence of any duty owing from Walter to the injured plaintiff, is to ignore the theoretical underpinnings of the contribution concept. In an attempt to reach what might appear superficially to be a Solomon-like result, the majority has displaced case law which establishes a sound, and logically necessary, principle.
Seizing upon the claim that the parent owes a duty to defendants Gesuale and Star, the majority opinion concludes that this duty may serve as the predicate for a contribution action. As demonstrated above, however, no apportionment may be had absent a breach of duty owing to the injured infant. In this respect, therefore, the majority seems to be creating a new tort cause of action which defendants may assert directly against Walter Nolechek. The problem with this, of course, is that Gesuale and Star have not suffered any injury recognized by tort law. Indeed, the father’s breach of duty, if a duty there is, at most subjects Gesuale and Star to the potential of being cast in judgment for damages. It need hardly be said that an action to recover such damages has never been cognizable in our legal system, and runs contrary to the settled principle that a negligent breach of duty does not give rise to liability unless it proximately causes injury (e.g., Prosser, Torts [4th ed], §§ 30, 41-44). Under any analysis, then, the defendants may not recover damages from Walter Nolechek.
On a policy level, moreover, today’s decision may bring untoward consequences to both parents and children. As to minor children, "the net effect of allowing Dole apportionment could well be the parent’s failure to seek legal redress on the child’s behalf against third parties who are more likely than the parent in these cases to have appropriate liability coverage. This is an effect obviously detrimental to the injured child” (Holodook v Spencer, 36 NY2d 35, 46, supra). Thus, *350 where the child is injured but not killed, the spectre of liability might well deter the parents from instituting a lawsuit on behalf of their child. Even if it does not, the interests of the parent and the child will be in direct conflict, since a portion of the child’s recovery will come from the family coffer. We should not abide such an occurrence.
More disturbing, however, is the particular context in which the majority has decided to carve out an exception to the Dole and Holodook principles. It is apparently because the infant was partially blind that the motorcycle became a "dangerous instrumentality” in his hands. A child’s handicap, rather than excusing certain shortcomings, today is being used as the predicate for heretofor unrecognized liability. As has been noted in this regard: "The parent of a blind or crippled or retarded child has burdens enough without being singled out for a special additional monetary liability which the parents blessed with normal children would not confront. * * * A rule which would carve out a special exception for the parent already stricken with the burden of a seriously handicapped child, not to ease that parent’s path but to place yet another obstacle on it, lacks compassion” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3019, p 253). If settled law is to be abruptly reversed, it should not be done where only tort-feasors or insurers can benefit, at the expense of a parent of a handicapped, and now deceased, young boy.
For the reasons stated, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones and Wachtler concur with Chief Judge Breitel; Judges Gabrielli and Fuchsberg concur in result in separate concurring opinions; Judge Cooke dissents and votes to affirm in another opinion.
Order modified, with costs to defendants-appellants against plaintiff-respondent Nolechek, in accordance with the opinion herein and, as so modified, affirmed, with costs on the third-party claim to respondents Neiman against appellant Nolechek. Question certified answered in the negative.