■ MAURICE DEUTSCH et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA Co., INC., et al., Appellants. — In an action to recover damages for assault, false imprisonment, false arrest and malicious prosecution, defendants appeal from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated May 19, 1981, as denied their cross motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. The complaint alleges, *inter alia,* that Maurice Deutsch (plaintiff), an employee of the defendant corporation, was assaulted by the two individual defendants, security loss protection employees of the corporate defendant, after completion of his work day, as he was approaching his vehicle in the parking lot of the premises where he worked. The defendants argue that plaintiff's exclusive remedy as a result of the alleged assault is pursuant to the Workers' Compensation Law. Paragraph 6 of the complaint alleges the corporate defendant's prior knowledge of the propensity of the individual defendants for violent and dangerous conduct and also that the corporate defendant "actively direct[ed] and encourage[ed] such actions." Paragraph 7 of the complaint alleges that the individual defendants, "acting for and in behalf of said defendant corporation, did willfully and maliciously assault * * * plaintiff". There can be no common-law recovery against an employer for an intentional assault of an employee by a coemployee based upon the employer's negligence in permitting the continued employment of the coemployee, with the employer's knowledge of the propensity of the coemployee for violent and malicious conduct (see *O'Connor v Midiria,* 55 NY2d 538). Thus, the portion of paragraph 6 which alleges the negligence of the corporate defendant cannot be the basis for recovery against it for the alleged intentional assault. However, Trial Term correctly declined to dismiss the complaint or the first cause of action alleged therein (for assault). "It is settled that 'case law has engrafted an exception on the exclusiveness of the compensation remedy where the employer himself commits an assault on the plaintiff (*Le Pochat* v. *Pendleton,* 271 App. Div. 964, affg. 187 Misc. 296), or, acting through another, instigates or abets an assault (*Lavin* v. *Goldberg Bldg. Material Corp.,* 274 App. Div. 690).' (*Estupian v Cleanerama Drive-In Cleaners,* 38 AD2d 353, 354.)" (*Smith v State of New York,* 72 AD2d 937, 938; see *O'Connor v Midiria, supra.*) The portion of the stenographic minutes of the oral depositions of plaintiff and the individual defendants included in the record on appeal does not resolve the factual issues of whether the alleged assault by the individual defendants was caused by an intentional or deliberate action or pursuant to instructions by the corporate defendant or one of its management employees. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.