■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v S. J. GROVES AND SONS COMPANY et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum:

While Special Term properly granted partial summary judgment to defendants, it erred in limiting plaintiff's potential recovery against Wiltsie to $5,000. Section 811 of the construction contract between plaintiff and Groves waived plaintiff's right of recovery for damages to property against both the contractor Groves and subcontractor Wiltsie to the extent of insurance coverage. It further specified that the contractor would be liable for only the first $5,000 of any deductible. Plaintiff's all-risk insurance policy for the project had a $250,000 deductible.

In interpreting these clear and unambiguous contract provisions, the intent must be found from within the document *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447, 456-457). Further, the words must be given their plain and ordinary meaning in defining the parties' rights *(State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587). The plain wording of this contract limits the contractor's liability to the first $5,000 of any insurance deductible and damages in excess of coverage while protecting subcontractors from liability only to the extent of the insurance coverage. As plaintiff is responsible for the first $250,000 of any loss, it may pursue its action against Wiltsie for that amount. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—partial summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.