■ SYLVESTER DURANDETTE, Plaintiff, v CITY OF SYRACUSE FIRE DEPARTMENT, Appellant, and WILLIAM J. UVA, Respondent. [661 NYS2d 117] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action against his employer, defendant City of Syracuse Fire Department (Fire Department), and his fellow firefighter, defendant William J. Uva, to recover for injuries he allegedly sustained when Uva struck him in the back. The complaint sets forth causes of action alleging negligence and assault against Uva and negligent hiring and supervision against the Fire Department.

Based upon undisputed evidence that plaintiff received benefits pursuant to General Municipal Law § 207-a, Supreme

Court granted the motion of the Fire Department for summary judgment dismissing the complaint against it (*see, Damiani v City of Buffalo*, 198 AD2d 814, 815, *lv denied* 83 NY2d 757; *O'Dette v Parton*, 190 AD2d 1074, 1075; *see also, Deutsch v Great Atl. & Pac. Tea Co.*, 89 AD2d 597). The Fire Department appeals from that part of the order denying its motion to dismiss Uva's cross claim alleging that plaintiff's injuries were the result of the Fire Department's negligence and seeking apportionment of liability and contribution.

We affirm. "[C]ontribution is permitted even in favor of an intentional wrongdoer if the parties are subject to liability to plaintiff for damages for the same injury" (*Corva v United Servs. Auto. Assn.*, 108 AD2d 631, 632, citing 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 1401.12; *see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 602-603; *Smith v Guli*, 106 AD2d 120, 122-123). The Fire Department is subject to liability to plaintiff based upon its alleged negligence in hiring, retaining, training or supervising Uva, plaintiff's fellow employee (*see, Bomba v Borowicz*, 265 App Div 198, 199). The fact that plaintiff may not sue the Fire Department directly does not foreclose Uva from seeking apportionment of liability and contribution (*see, Dole v Dow Chem. Co.*, 30 NY2d 143, 152; *Zahno v Urquart*, 213 AD2d 1004; *Briscoe v Williams*, 50 AD2d 883). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.